THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL GREEN, Plaintiff in Error.

*Opinion filed April 21, 1928.*

1. CRIMINAL LAW—*what essential to valid record in a criminal case.* It is essential to the validity of a record in a criminal case that it show that the proceedings were had in a court regularly organized, that the grand jury was sworn, that the indictment was returned into open court, that the defendant entered a plea to the indictment, that the trial jury was impaneled and sworn, and that the defendant was present at the trial.

2. SAME—*how constitution of grand jury may be challenged.* An objection to the legality of the constitution of the grand jury may be made by a challenge to the array or motion to quash the indictment for some irregularity pointed out in the motion.

3. SAME—*grand jurors for city court must be selected from the county under section 9 of Jurors act.* There is no provision of the constitution restricting the selection of jurors for city courts to the territorial jurisdiction of such courts, and under section 9 of the Jurors act, requiring a proportionate number of the grand jurors for any term of court to be selected from each town or precinct in the county, a grand jury selected wholly from within the limits of a city is not a legal grand jury.

4. SAME—*a defendant may waive objections to constitution of grand jury.* A defendant may waive objections to the manner in which the grand jurors were produced before the court and to the qualifications of individual grand jurors, though he cannot waive the charge by an actual grand jury.

5. SAME—*objections to grand jury are waived by pleading to indictment.* An indictment returned by a grand jury not selected in accordance with the statute will not be sustained if objected to in apt time by challenge to the array or motion to quash on that ground, but pleading to an indictment admits its genuineness as a record, waives irregularities in the drawing and summoning of the grand jurors, waives objections to their qualifications and prevents the making of such objections by motion in arrest of judgment, unless, because of a fundamental defect, the grand jury is without jurisdiction to act.

6. SAME—*what record of grand jury will support a verdict of guilty of murder.* In the absence of a motion to quash the indict-

ment or a challenge to the array, it is not necessary, in order to support a verdict of guilty on an indictment for murder, that the record affirmatively show that twenty-three persons were returned as grand jurors, that at least sixteen persons were impaneled and sworn, or even that twelve jurors were present at the organization of the grand jury or the voting upon the indictment.

7. SAME—*plea to indictment should be withdrawn before considering motion to quash.* Where a defendant has entered his plea of not guilty to an indictment, his subsequent motion to quash can not be considered unless, upon motion, the court, in its discretion, allows the withdrawal of the plea for the purpose of making the motion to quash.

WRIT OF ERROR to the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding.

WILLIAM P. BOYNTON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ALVIN C. BOHM, State's Attorney, MERRILL F. WEHMHOFF, and I. H. STREEPER, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

An indictment was returned in the city court of Alton on September 17, 1927, charging Earl Green, in three counts, with the murder of Otto Roller by shooting him with a revolver on August 29, 1927, thereby inflicting upon him a mortal wound, of which he died on September 1, 1927. The defendant was arraigned on September 21 and entered a plea of not guilty. Counsel were appointed by the court to defend him, and a motion to quash the indictment was filed on October 10, stating as ground of the motion that each and every count of the indictment disclosed on its face that the grand jurors who returned the indictment were chosen and selected in and for the city of Alton, whereas it ought to have required them to be selected from the body of the county of Madison and not from the city of Alton. The court overruled the motion and upon a trial

329—37

the jury returned a verdict of guilty. A motion for a new trial was made and overruled and a motion in arrest of judgment was entered, based upon the same ground as the motion to quash the indictment and the further ground that the indictment was signed by A. C. Bohm, State's attorney, and alleging further that Bohm was not State's attorney in and for said county, was not specially appointed by the court to prosecute the cause, and did not sign the indictment as a representative, in any capacity, of the Attorney General. This motion was also overruled and the defendant was sentenced to imprisonment for life. A writ of error has been sued out to review the judgment.

The errors assigned question the action of the court in overruling the motion to quash the indictment, the motion in arrest of judgment and the motion for a new trial, on the ground that the verdict was contrary to law.

The commencement of the first count of the indictment is in these words: "The grand jurors, chosen, selected and sworn in and for the city of Alton, in the name and by the authority of the People of the State of Illinois, upon their oaths present," and these words are repeated in the commencement of each of the other two counts. It is essential to the validity of a record in a criminal case to show that the proceedings were had in a court regularly organized, that the grand jury was sworn, that the indictment was returned into open court, that the defendant entered a plea to the indictment, that the trial jury was impaneled and sworn, and that the defendant was present at the trial. (*People* v. *Gray,* 261 Ill. 140.) An objection to the legality of the constitution of a grand jury may be made by a challenge to the array or motion to quash the indictment for some irregularity or illegality pointed out in the motion. In this case the objection was made by the motion to quash and was based on the illegality of the selection of the grand jury, and if the motion had been made in apt time it should have been sustained.

Section 9 of the act concerning jurors, which requires a proportionate number of the grand jurors for any term of court to be selected from each town or precinct in the county, applies to city courts. A grand jury selected wholly from within the limits of a city is not a legal grand jury and an indictment returned by it is not good. (*Miller* v. *People*, 183 Ill. 423.) This decision was made with reference to courts organized under the act of 1874 in relation to courts of record in cities, (Rev. Stat. 1874, p. 345,) but it is equally applicable to the act of 1901. (Laws of 1901, p. 136.) In *Bell* v. *People*, 1 Scam. 397, the plaintiff in error was convicted of a crime upon an indictment found by a grand jury in the municipal court of Chicago, which alleged that it was found by the grand jury "chosen, selected and sworn in and for the city of Chicago and county of Cook," and the judgment was reversed on the ground that the grand jury should have been selected from the city of Chicago. In that case, however, the act creating the court expressly provided "that the grand and petit jurors of said municipal court shall be selected from the qualified inhabitants of said city," and it was held that the jurors must be selected within the limits of the territorial jurisdiction of the court within which the municipal court was given concurrent jurisdiction with the circuit courts. It was argued in the case of *Miller* v. *People, supra,* that to authorize the selection of grand jurors for city courts from the county would, in effect, extend the jurisdiction of the city court beyond the territorial limits of the city, and would therefore be unconstitutional under section 1 of article 6 of the constitution, but it was held that while a grand jury may be regarded as a part of the machinery necessary to be used in the criminal practice in the courts, its selection is not a matter affecting the jurisdiction of the court; that the power of selection may be extended by the legislature to the board of supervisors and the grand jury must be selected in the manner provided by law, but its selection can

not add to or detract from the jurisdiction of the city court. There is no provision of the constitution restricting the selection of jurors for city courts to the territorial jurisdiction of such courts, and, the power of the legislature being thus unrestricted, it may direct the selection of jurors from the county.

It is well settled that irregularities in the constitution of a grand jury are waived by pleading to the indictment, and this doctrine applies to all informalities in the drawing or summoning of the jurors and questions regarding their qualification, though it does not extend to cases where, because of a fundamental defect, the grand jury is without jurisdiction to act. A defendant may waive objections to the manner in which the grand jurors were produced before the court and to the qualification of individual grand jurors, though he cannot waive the charge by an actual grand jury. (*People* v. *Gray, supra; People* v. *Munday,* 293 Ill. 191; *People* v. *Jones,* 263 id. 564; *People* v. *Strauch,* 247 id. 220.) In *Berkenfield* v. *People,* 191 Ill. 272, a motion was made to quash the indictment because it was "wholly insufficient in law to require this defendant to plead thereto," and it was held that the motion was properly overruled because it did not specifically point out that the indictment was found by a grand jury not legally assembled, the court saying that "an irregularity in the constitution of the grand jury is waived unless the defendant raise the question in apt time by a challenge to the array, or by motion to quash the indictment upon the ground that it was not found by a grand jury legally constituted." To support a verdict of guilty on an indictment for murder it is not essential that the record should affirmatively show that twenty-three persons (the full number required to be summoned to constitute a grand jury) were returned as grand jurors, that at least sixteen persons were impaneled and sworn, or even that twelve jurors (the number requisite to the return of the indictment) were present at the organiza-

tion of the grand jury or the voting upon the indictment, in the absence of a motion to quash the indictment or a challenge of the array. (*Barron* v. *People,* 73 Ill. 256; *Williams* v. *People,* 54 id. 422; *Gitchell* v. *People,* 146 id. 175.) In the *Barron case* a motion in arrest of judgment was made for the reason that in executing the special venire for a grand jury only nineteen persons were returned, but the motion was held properly denied because the only mode by which the question could be presented was by motion to quash for that reason, supported by affidavits, or by challenging the array, citing *Stone* v. *People,* 2 Scam. 326. At best, it was said, the objection was more formal than real, not affecting the real merits of the offense charged in the indictment, and came within the provision of section 9 of division 11 of the Criminal Code that all exceptions which go merely to the form of the indictment shall be made before trial, and no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in the indictment. The same section provides that no indictment shall be quashed by reason of the disqualification of any grand juror. Pleading to an indictment admits its genuineness as a record. (*Gitchell* v. *People, supra.*) A grand jury not selected in accordance with the statute but by a different method from that provided by law is not a legal grand jury, and an indictment returned by such a body will not be sustained if objected to in apt time by a challenge to the array or motion to quash on the ground that the grand jury was not legally constituted. A plea to the indictment waives the objection and it cannot be taken after such plea. The waiver also prevents the taking of the objection by motion in arrest of judgment. *Marsh* v. *People,* 226 Ill. 464.

The defendant having entered his plea to the indictment, his motion to quash could not be considered unless, upon motion, the court, in its discretion, allowed him to with-

draw his plea for the purpose of making the motion.  *Mc-Kevitt* v. *People,* 208 Ill. 460;  *People* v. *Strauch, supra;  People* v. *Jones, supra.*

The judgment is affirmed.

*Judgment affirmed.*