THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK S. KELLY, Defendant.

Supreme Court, Special Term, Rensselaer County, January 8, 1951.

*Frederick S. Kelly*, defendant in person.

*Timothy F. O'Brien, District Attorney (John T. Casey* of counsel), for plaintiff.

TAYLOR, J. This is a motion in the nature of a writ of error *coram nobis* to vacate and set aside judgments of conviction rendered on the 19th day of December, 1946, in this court upon the defendant's pleas of guilty to the crimes of burglary, third degree, grand larceny, first degree, and escape on the ground that his statutory and constitutional rights were violated when such pleas of guilty were entered. He was sentenced to terms of imprisonment to be served consecutively, the first of which was from five to ten years and the second of which was from five to seven years. He is presently serving those sentences at Auburn Prison.

By fair intendment, the defendant's petition alleges that at the time of his arraignments on the indictments he was not informed by the court of his right to counsel, was not asked by it if he desired the assistance of counsel and no counsel was assigned to represent him and that he entered his pleas of guilty to the indictments in ignorance of his constitutional and statutory rights which he neither waived nor intended to waive.

It is well settled that compliance with the mandatory provisions of the statute (Code Crim. Pro., § 308) and observance of the constitutional standards surrounding a fair trial (N. Y. Const., art. I, § 6; U. S. Const., 6th and 14th Amendts.) are basic and essential jurisdictional requirements and prerequisites to confer authority on this court to deprive an accused of his life or liberty. When the proof by a fair preponderance of the credible evidence overcomes the presumption of regularity which attends all judgments of this court and supports the allegations of irregularity and of the absence of statutory compliance and constitutional observance, a valid conviction and sentence are jurisdictionally barred. (*Johnson* v. *Zerbst,* 304 U. S. 458; *People* v. *McLaughlin,* 291 N. Y. 480; *Matter of Bojinoff* v. *People,* 299 N. Y. 145.)

In the case at bar, the official stenographic minutes of the arraignments of the defendant are available and sustain his position. There is no evidentiary showing that he waived or intended to waive his constitutional rights. A plea of guilty standing alone does not constitute a waiver of fundamental constitutional rights in the protection of which every reasonable presumption is indulged. (*Matter of Bojinoff* v. *People, supra*; *Glasser* v. *United States,* 315 U. S. 60.)

It follows that the judgments of conviction were obtained in violation of the defendant's constitutional and statutory rights, are therefore invalid and must be vacated and annulled. (U. S. Const., 6th and 14th Amendts.; N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 188, 308; *Johnson* v. *Zerbst, supra*; *People* v. *McLaughlin, supra*; *Hawk* v. *Olson,* 326 U. S. 271; *Rice* v. *Olson,* 324 U. S. 786.)

An order may be presented to me for signature granting the motion of the defendant and vacating and expunging from the records of the Supreme Court, Rensselaer County, the judgments of conviction of the defendant entered therein on the 19th day of December, 1946, upon his pleas of guilty to indictments charging him with the crimes of burglary, third degree, grand larceny, first degree, and escape.

Ordered accordingly.