STATE v. JAY VANN COVINGTON.

(Filed 11 January 1963.)

**1. Constitutional Law § 28; Criminal Law § 13—**

A valid warrant or indictment returned by a legally constituted grand jury is an essential of jurisdiction.

**2. Constitutional Law § 37—**

Every reasonable presumption will be indulged against a waiver by defendant in a criminal prosecution of fundamental constitutional rights.

**3. Same; Constitutional Law § 29; Grand Jury § 1—**

Where a defendant aptly moves to quash the indictments on the ground that they were returned by a grand jury from which members of his race were intentionally excluded, defendant's subsequent pleas of guilty, standing alone, are insufficient to constitute a waiver of his rights to have the motion to quash duly heard.

APPEAL by defendant from *Gambill, J.,* May Criminal Term 1962 of UNION.

One opinion in three criminal cases, in each of which there is a separate record, because the questions presented for decision in each case are identical. In case number 438 the indictment charges the defendant with a malicious assault in a secret manner with a deadly weapon on H. D. Eller, a violation of G.S. 14-31. In case number 439 the indictment charges the defendant with resisting, delaying, and obstructing two police officers of the city of Monroe while they were discharging and attempting to discharge a duty of their office, a violation of G.S. 14-223. In case number 440 the indictment charges the defendant with unlawfully attempting to break out of and escape from the common jail of Union County, he being lawfully confined therein, by assaulting the jailer H. D. Eller with a deadly weapon, to-wit, a board or stick.

In each case when it was called for trial the defendant, who is a Negro, before pleading to the indictment, made a written motion to quash the indictment in the identical language as in case number 437, *S. v. Covington, ante,* 495, ........ S.E. 2d ........ Each motion was supported by the affidavit of one of defendant's counsel in the identical language as a like affidavit in case number 437. In each of the three cases the court denied the motion in the identical words as it denied a like motion in case number 437, and in each of the three cases defendant's exceptions to the denial of his motion are identical with his exceptions to a denial of a like motion in case number 437. In each of the three cases the court made findings in the identical words as it did in case number 437, and in each of the three cases the defendant excepted in the same language as he did in case number 437. It would be supererogatory to repeat here in fuller detail what is set forth at length in case number 437, which immediately precedes this opinion.

Defendant, after a denial of his motion to quash the indictment in each of the three cases, in case number 438 entered a plea of guilty of assault with a deadly weapon, which was accepted by the State; in case number 439 entered a plea of guilty as charged in the indictment; in case number 440 entered a plea of guilty of an attempt to break jail as charged in the indictment.

From a sentence of imprisonment in each of the three cases, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Harry W. McGalliard for the State.*

*Samuel S. Mitchell and Scupi & Witt for defendant appellant.*

PARKER, J. In each of the three cases here numbers 438-440 defendant's exceptions and assignments of error are identical with his exceptions and assignments of error in case number 437, *S. v. Covington, ante,* 495, ........ S.E. 2d ........ In all four of these cases defendant is represented by the same counsel. In these four cases, cases numbers 437-440, defendant has filed one brief, and the State by its Attorney General has done likewise.

In each of these three cases defendant's motion to quash the indictment was made before pleading to the indictment, and therefore in apt time. G.S. 9-26; *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *Miller v. State,* 237 N.C. 29, 74 S.E. 2d 513; *S. v. Gardner,* 104 N.C. 739, 10 S.E. 146.

*S. v. Covington, supra,* decides the identical questions presented for decision hereby defendant's assignments of error, and is controlling

unless the defendant waived any objection to the grand jury which indicted him by his plea of guilty in each of the three cases.

The Court speaking by Ervin, J., stated in *Miller v. State, supra*: "The right of a Negro defendant to object to a grand or petit jury upon the ground of discrimination against members of his race in the selection of such jury is waived by failing to pursue the proper remedy." Here the defendant pursued in apt time the proper remedy to challenge the legality of the grand jury that indicted him.

In *S. v. Covington, supra,* the Court said:

> "The Supreme Court of the United States in an unbroken line of cases stretching back for eighty years has held that the indictment of a Negro defendant by a grand jury in a state court from which members of his race have been intentionally excluded solely because of their race is a denial of his rights to the equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution. *S. v. Perry,* 250 N.C. 119, 108 S.E. 2d 447; *Miller v. State, supra; Eubanks v Louisiana,* 356 U.S. 584, 2 L. Ed. 2d 991; *Reece v. Georgia,* 350 U.S. 85, 100 L. Ed. 77.

> "A like conclusion is reached in North Carolina by virtue of our decisions on 'the law of the land' clause embodied in the Declaration of Rights, Article I, section 17, of the North Carolina Constitution, and we have consistently so held since 1902. *S. v. Peoples,* 131 N.C. 784, 42 S.E. 814; *S. v. Speller,* 229 N.C. 67, 47 S.E. 2d 537; *Miller v. State, supra; S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; S. v. Perry, 250 N.C. 119, 108 S.E. 2d 447."

Therefore, it necessarily follows that the indictment of a Negro defendant by a grand jury in a state court from which members of his race have been intentionally excluded solely because of their race is not good, for the reason that as to such Negro defendant it is not a legal grand jury, and defendant pursued the proper remedy, motions to quash the indictments here in apt time under our practice, to object to the legality of the grand jury that indicted him.

"A valid warrant or indictment is an essential of jurisdiction." *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

In *Gibbons v. Territory,* Crim. Court of Appeals of Oklahoma, 115 P. 129, the Court said: "A valid indictment returned by a legally constituted grand jury is a jurisdictional requirement."

There is abundant authority that a plea of guilty does not waive a jurisdictional defect. *Weir v. United States,* 7th Cir., 92 F. 2d 634, 114 A.L.R. 481; *People v. Green,* 368 Ill. 242, 13 N.E. 2d 278, 115 A.L.R.

348; *Berg v. United States,* 9th Cir., 176 F. 2d 122; 22 C.J.S., Criminal Law, sec. 424 (7); *ibid,* sec. 162; 4 Wharton's Criminal Law and Procedure, by Ronald A. Anderson, sec. 1901, p. 770. See *People v. Green,* 329 Ill. 576, 161 N.E. 83. In *People v. Kelly,* 104 N.Y.S. 2d 385, 198 Misc. 1119, the Court said: "A plea of guilty standing alone does not constitute a waiver of fundamental constitutional rights in the protection of which every reasonable presumption is indulged. *Bojinoff v. People, supra* (299 N.Y. 145, 85 N.E. 2d 909); *Glasser v. United States,* 315 U.S. 60, 62 S. Ct. 457, 86 L. Ed. 680."

Courts indulge every reasonable presumption against a waiver by a defendant charged with crime of fundamental constitutional rights, and do not presume acquiescence in their loss. *Glasser v. United States,* 315 U.S. 60, 86 L. Ed. 680; *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 146 A.L.R. 357; *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389, 81 L. Ed. 1177; *Ohio Bell Telephone Co. v. Public Utilities Commission,* 301 U.S. 292, 81 L. Ed. 1093.

In *Johnson v. Zerbst, supra,* the Court said, "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."

In each of the three cases here, before pleading to the indictments, the defendant, a Negro, made a written motion to quash the indictment in each case on the ground that the grand jury which returned the indictments against him, in violation of his rights under Article I, section 17, of the North Carolina Constitution, and under the due process and equal protection clauses of section 1 of the 14th Amendment to the United States Constitution, was illegally impanelled and composed because Negroes solely by reason of their race were intentionally excluded from service upon the said grand jury. Defendant in his written motion further moved that the court grant defendant's counsel reasonable time and opportunity to inquire into the facts relative to the alleged intentional exclusion of Negroes solely by reason of their race from service upon the grand juries of Union County, and from the grand jury which returned the indictments against him, and that the court issue process to require certain named officials of Union County to appear before it and testify in respect to the selection of grand juries for Union County, and to bring with them all books, documents, and records pertinent to the inquiry, and that the court set a date to have a hearing on the motion. The court denied his motions to quash the indictments, denied his motions to set a hearing on the motions, and denied his motions to cause process to issue, to which three rulings in all three cases defendant excepted. Defendant has assigned these rulings as error in each case, and has perfected his appeal in each case. Under these circumstances, it is our opinion, and we so hold, defendant,

by his subsequent pleas of guilty in each case, has not waived his objection to the grand jury which indicted him on the ground that it was illegally impanelled and composed in violation of his fundamental constitutional rights, and on the ground that because of a fundamental constitutional prohibition the grand jury was without jurisdiction to find valid indictments against him, a Negro.

What is said further in *S. v. Covington, supra,* which immediately precedes this case in our Reports, need not be repeated here. Upon authority of that case the pleas of guilty in the three cases here and the judgments in the three cases here are reversed, and the three cases are remanded for further proceedings as set forth in detail in that case.

Reversed in all three cases.