163 S.E.2d 770 (1968)
274 N.C. 409
STATE of North Carolina
v.
Johnny STOKES, Jr.
No. 248.
Supreme Court of North Carolina.
October 30, 1968.
*771 Atty. Gen. T. W. Bruton and Deputy Atty. Gen. Harry W. McGalliard for the State.
David M. Connor, Wilson, for defendant appellant.
R. HUNT PARKER, Chief Justice.
Defendant's sole assignment of error in the Court of Appeals and his sole assignment of error here is the denial of his motion in arrest of judgment for the reason that it appears from the face of the indictment that the indictment fails to state the name of the person with whom the defendant *772 committed the crime against nature. This assignment of error is good.
Article I, section 12, of the North Carolina Constitution requires an indictment, unless waived, for all criminal actions originating in the Superior Court, and a valid indictment is necessary to vest the court with jurisdiction to determine the question of guilt or innocence. It is hornbook law that it is an essential of jurisdiction that a criminal offense should be sufficiently charged in a warrant or an indictment. State v. Yoes, 271 N.C. 616, 157 S.E.2d 386; State v. Thornton, 251 N.C. 658, 111 S.E.2d 901; State v. Bissette, 250 N.C. 514, 108 S.E.2d 858; State v. Morgan, 226 N.C. 414, 38 S.E.2d 166.
What are the essentials of a valid indictment? A clear and concise answer to this question appears in State v. Greer, 238 N.C. 325, 77 S.E.2d 917:
"The authorities are in unison that an indictment, whether at common law or under a statute, to be good must allege lucidly and accurately all the essential elements of the offense endeavored to be charged. The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged, (2) to protect the accused from being twice put in jeopardy for the same offense, (3) to enable the accused to prepare for trial, and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case. [Cases cited.]"
The essentials of an indictment have been restated in equally clear and emphatic language in several recent cases. State v. Walker, 249 N.C. 35, 105 S.E.2d 101; State v. Banks, 247 N.C. 745, 102 S.E.2d 245; State v. Jordan, 247 N.C. 253, 100 S.E.2d 497; State v. Helms, 247 N.C. 740, 102 S.E.2d 241; State v. Cox, 244 N.C. 57, 92 S.E.2d 413; State v. Strickland, 243 N.C. 100, 89 S.E.2d 781; State v. Burton, 243 N.C. 277, 90 S.E.2d 390; State v. Scott, 241 N.C. 178, 84 S.E.2d 654.
Except where a pardon is pleaded before sentence, or except as otherwise provided by statute, a motion in arrest of judgment can be based solely on matters which appear on the face of the record proper, or on matters which should, but do not, appear on the face of the record proper. State v. Reel, 254 N.C. 778, 119 S.E.2d 876; State v. Gaston, 236 N.C. 499, 73 S.E.2d 311; State v. Sawyer, 233 N.C. 76, 62 S.E.2d 515; 24 C.J.S. Criminal Law § 1515. The record proper, the true record, and not a false one, includes only those essential proceedings which are made of record by the law itself, and as such are self-preserving. State v. Gaston, supra; Thornton v. Brady, 100 N.C. 38, 5 S.E. 910; 24 C.J.S. Criminal Law § 1515. The evidence in a case is no part of the record proper. State v. Gaston, supra; State v. Matthews, 142 N.C. 621, 55 S.E. 342.
Defendant has a right to file in this Court a written motion in arrest of judgment of the Superior Court upon the ground of insufficiency of the indictment. State v. Thornton, supra; State v. Lucas, 244 N.C. 53, 92 S.E.2d 401.
There is abundant authority that a plea of guilty standing alone does not waive a jurisdictional defect. State v. Covington, 258 N.C. 501, 128 S.E.2d 827; State v. Warren, 113 N.C. 683, 18 S.E. 498; Weir v. United States, 92 F.2d 634 (7th Cir. 1937), 114 A.L.R. 481; People v. Green, 368 Ill. 242, 13 N.E.2d 278, 115 A.L.R. 348; Berg v. United States, 176 F.2d 122 (9th Cir. 1949), cert. den. 338 U.S. 876, 70 S.Ct. 137, 94 L.Ed. 537; 22 C.J.S. Criminal Law § 424(7); Ibid. § 162; 4 Wharton, Criminal Law and Procedure § 1901 (Anderson Ed. 1957). See People v. Green, 329 Ill. 576, 161 N.E. 83. In People v. Kelly, 198 Misc. 1119, 104 N.Y.S.2d 385, the Court said: "A plea of guilty standing alone does *773 not constitute a waiver of fundamental constitutional rights in the protection of which every reasonable presumption is indulged. Bojinoff v. People, supra [299 N.Y. 145, 85 N.E.2d 909]; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680."
Courts indulge every reasonable presumption against a waiver by a defendant charged with crime of fundamental constitutional rights, and do not presume acquiescence in their loss. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093.
In Johnson v. Zerbst, supra, the Court said: "A waiver is ordinarily an intentional relinquishment or abandonment of a known right of privilege."
Defendant here entered a plea of nolo contendere. A plea of nolo contendere, like a plea of guilty, leaves open for review only the sufficiency of the indictment and waives all defenses other than that the indictment charges no offense. State v. Smith, 265 N.C. 173, 143 S.E.2d 293; United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; Crolich v. United States, 196 F.2d 879, reh. den. 17 June 1952, cert. den. 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646; 21 Am.Jur.2d Criminal Law § 501; 22 C.J.S. Criminal Law § 425(4), p. 1208. In United States v. Bradford, 2 Cir., 160 F.2d 729, cert. den. 331 U.S. 829, 67 S.Ct. 1351, 91 L.Ed. 1844, the Court said: "Defendant pleaded nolo contendere * * *. He now appeals from a sentence imposed pursuant to his plea. His contention, that the information fails to charge an offense, survives his plea. [Citing authority.]" For the purposes of the instant case only, defendant's plea of nolo contendere has the effect of a plea of guilty. State v. Smith, supra, and authorities cited.
There is nothing in the record before us to indicate that defendant has waived his fundamental constitutional right to challenge the legal sufficiency of the indictment.
In State v. O'Keefe, 263 N.C. 53, 138 S.E.2d 767, cited and relied upon by the Court of Appeals, the indictment as it appears in our Supreme Court Reports shows that defendant was charged with unlawfully, wilfully, and feloniously commiting the abominable and detestable crime against nature with one Peter P. Howe, a male person. In the O'Keefe case the Court said: "The practice in North Carolina has been to charge the offense in the manner employed in the bill of indictment in the instant case. This is in accord with the practice at common law. [Citing authority.] It was the practice to specifically allege the person with or against whom the offense was committed by name or sex, but not the manner in which it was committed. An indictment which charges that defendant did unlawfully, wilfully and feloniously commit the infamous crime against nature with a particular man, woman or beast is sufficient. [Citing authority.]" An examination of the original records on file in the office of the Clerk of this Court shows that in each indictment in the following cases the victim with or against whom the offense was committed appears by name: State v. Stubbs, 266 N.C. 295, 145 S.E.2d 899; State v. Harwood, 264 N.C. 746, 142 S.E.2d 691; State v. O'Keefe, supra; State v. Wright, 263 N.C. 129, 139 S.E.2d 10; State v. King, 256 N.C. 236, 123 S.E.2d 486; State v. Whittemore, 255 N.C. 583, 122 S.E.2d 396; State v. Williams, 247 N.C. 272, 100 S.E.2d 500; State v. Lance, 244 N.C. 455, 94 S.E.2d 335; State v. Spivey, 213 N.C. 45, 195 S.E. 1; State v. Fenner, 166 N.C. 247, 80 S.E. 970.
The one exception that we have been able to find in our Supreme Court Reports *774 is State v. Callett, 211 N.C. 563, 191 S.E. 27. In respect to this case this is said in State v. O'Keefe, supra: "In Callett the substantive portion of the bill is, `* * * commit the abominable and detestable crime Against Nature.' It does not name the pathic nor even allege whether with mankind or beast. The bill was quashed for failure to use the word `feloniously.'" In the Callett case the Court did not specifically decide that the bill of indictment was legally sufficient. In our opinion the indictment in the Callett case was also fatally defective because it did not name the pathic.
In Leviticus 18:22 (King James) there appears this commandment: "Thou shalt not lie with mankind, as with womankind: it is abomination." This commandment has become famous Biblical lore in the story of the destruction by fire and brimstone of the cities of Sodom and Gomorrah where the practice was prevalent. Genesis 19:24-25. From this Biblical genesis to the present day, the crime of sodomy and the crime against nature have been condemned by American and English jurisdictions. The early common law writers called it peccatum illud horribile, inter christianos non nominandum (that abominable sin, not fit to be mentioned among Christians). IV Blackstone's Commentaries 215-16 (Oxford, Clarendon Press, M.DCC.LXIX).
In our opinion, and we so hold, it is essential to a valid indictment in this jurisdiction that the indictment must allege that the defendant did unlawfully, wilfully, and feloniously commit the infamous crime against nature with a particular man, woman, or beast. We are supported in our position by a long line of unbroken cases in our Supreme Court which are cited above, as well as by the following authorities: 1 Archbold's Criminal Practice and Pleading 1015 (8th Ed. Pomeroy's Notes 1880); 2 McClain on Criminal Law § 1154 (1897); 2 Chitty's Criminal Law 48 (2d Ed. 1832); 1 Wharton's Precedents of Indictments and Pleas 209 (3rd Ed. 1871); 3 Bishop's New Criminal Procedure §§ 1013-15 (2d Ed.1913); 2 Wharton's Criminal Procedure § 1242 (10th Ed. Kerr 1918); People v. Hopwood, 130 Cal.App. 168, 19 P.2d 824 (1933); People v. Gann, 66 Cal.Rptr. 508 (Cal.Ct.App.1968); Commonwealth v. Dill, 160 Mass. 536, 36 N.E. 472. It might be preferable to also state the sex of the pathic. In State v. O'Keefe, supra, it is stated: "It was the practice to specifically allege the person with or against whom the offense was committed, by name or sex, but not the manner in which it was committed." If this sentence means that it was the practice to specifically allege the person with or against whom the offense was committed by sex and not name, we disapprove of it as not supported by our Supreme Court authorities and the common law.
In our opinion, and we so hold, it is necessary to the legal sufficiency of an indictment charging the commission of a crime against nature to state with exactitude, inter alia, the name of the person with or against whom the offense was committed, in order that there can be certitude in the statement of the accusation as will identify the offense with which the accused is sought to be charged and to protect the accused from being twice put in jeopardy for the same offense.
The case of State v. Banks, 263 N.C. 784, 140 S.E.2d 318, is apposite. The warrant in that case read: "Sylvester Banks did unlawfully and wilfully peep secretly into a room occupied by a female person contrary to the form of the statute * * *." Upon that warrant defendant was convicted, and from the judgment imposed he appealed. The Supreme Court held in that case that the warrant was insufficient to charge a criminal offense. The Court in its opinion used this language: "The warrant fails to give sufficient information to enable the defendant to prepare for his trial. He is entitled to know the identity of the female person whose privacy he is charged with having invaded."
*775 When the instant case was in the Court of Appeals, the Court used this language: "Defendant did not move for a bill of particulars in this case." A second headnote in this case in the Court of Appeals reads as follows: "The practice in this State has been to charge the offense of crime against nature in language closely following the wording of the statute, G.S. 14-177, and where defendant feels that he may be taken by surprise or that the indictment fails to impart information sufficiently specific as to the nature of the charge, he may move for a bill of particulars." It is familiar learning that a bill of particulars is not a part of the indictment and will not supply any matter which the indictment must contain, and a bill of particulars cannot cure a defective indictment. State v. Cole, 202 N.C. 592, 163 S.E. 594; State v. Thornton, supra; State v. Banks, supra; 5 A.L.R.2d 447. The language in the second headnote in the Court of Appeals reads in part as follows: "(A)nd where defendant feels that he may be taken by surprise or that the indictment fails to impart information sufficiently specific as to the nature of the charge, he may move for a bill of particulars." If that means that a defective indictment as is present in the instant case can be cured by a bill of particulars, we disapprove of it.
The Court of Appeals was in error in holding that the indictment in this case was legally sufficient, and its opinion is reversed. We hold that the judgment in this case should have been arrested because of the legal insufficiency of the indictment, and we hereby arrest the judgment. The legal effect of arresting the judgment is to vacate the plea of nolo contendere and the judgment below, and the State, if it so desires, may proceed against the defendant on a legally sufficient indictment. State v. Thornton, supra; State v. Wallace, 251 N.C. 378, 111 S.E.2d 714, and cases there cited.
The judgment below of the Court of Appeals is
Reversed.