State v. Brooks

───────────

STATE OF NORTH CAROLINA v. WAYNE HAYWOOD BROOKS

No. 7829SC457

(Filed 7 November 1978)

1. **Arrest and Bail § 9.1; Criminal Law § 91.1— granting of continuance—revocation of appearance bond—custody in prison hospital**

    Where the trial court granted defendant a continuance because subpoenas had not been served on defendant's witnesses and because defendant's illness and the medication it required impaired defendant's ability to assist counsel in preparing his defense, the trial court did not err in also revoking defendant's appearance bond and ordering him taken into custody in the prison hospital for safekeeping in order to insure that he would be both present and able to proceed with trial on the next date for which trial was set. G.S. 15A-534(f).

2. **Constitutional Law § 50; Criminal Law § 91.1— continuance granted—motion for speedy trial and to withdraw motion for continuance—findings required for trial to proceed**

    Where the trial court granted defendant a continuance because defendant's witnesses had not been subpoenaed and because defendant's illness and the medication it required impaired defendant's ability to assist counsel in the preparation of his defense, the trial court erred in allowing the case to proceed to trial upon defendant's motion for a speedy trial and for leave to withdraw his prior motion for a continuance without evidence or findings that the impairments for which the continuance had been granted no longer existed.

APPEAL by defendant from *Collier, Judge.* Judgment entered 15 March 1978 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 20 September 1978.

The defendant was indicted for the felonies of breaking or entering, larceny, and robbery with firearms. Upon his pleas of not guilty, the defendant was found guilty on all charges. From judgment sentencing him to imprisonment for a term of thirty years, the defendant appealed.

The defendant was indicted on 9 March 1977, and counsel was appointed to represent him. Counsel for the defendant filed a motion to withdraw from the case on 9 March 1978. The motion was immediately allowed. The trial court appointed two other attorneys to represent the defendant on that date. Four days later, when the case was calendared for trial, counsel for the defendant filed a motion for a continuance. Additionally, the defendant filed a pro se motion for a continuance at that time. The motion of counsel was based on the grounds that counsel had not had sufficient time to prepare for trial, that the defendant was in poor health resulting in the need for his admission to a hospital and that, as a result, the defendant was unable to effectively assist counsel. The defendant's motion pro se indicated in part that his counsel had not had time to prepare his defense or subpoena witnesses and that the defendant had been on medication for a kidney and prostate infection at all times since the appointment of counsel. The defendant stated in his motion that:

> The drugs have some sort of side effects which make it impossible for the defendant to be able to use good reasoning and logic and also prevents him from making good and sound judgments. It also led him to be unable to think of all the persons who need to be subpoenaed for his trial defense. The defendant was also suffering a great deal of pain. The combination of the side effects and pain prevented the defendant from being able to adequately and effectively assist counsel towards preparing his trial defenses. . . . The defendant is still suffering much pain and is still under the influence of the drugs which are still causing him to be unable to think straight. Because of this, he is not capable of adequately and effectively assisting counsel in his own defense. And the defendant must continue to take the drugs for his infected kidneys and prostate gland or risk death.

The defendant also referred in his motion to a medical statement which was prepared by a physician and included in the record.

The physician's written statement indicated that the defendant had an enlarged prostate, chronic infection of the prostate gland and pyelitis or pus in the urine and should be admitted to a hospital for definitive treatment as early as convenient.

In ruling on the defendant's motions, the trial court recognized that it would be an embarrassment for the defendant's court-appointed counsel to go to trial on such short notice, that the defendant's witnesses had not been served with subpoenas and that various representations had been made concerning the defendant's health. Therefore, the trial court concluded that the motions for continuance should be allowed "in the interest of justice" and ordered the defendant's cases continued until the next term of criminal court. At the same time, the trial court revoked the defendant's bond and ordered that he be held for safekeeping in the hospital of Central Prison in Raleigh "so that they can examine him and treat him for his addiction to drugs, or for whatever his medical condition is."

On the same day the motions for a continuance were allowed, the defendant and his counsel signed and filed a motion for a speedy trial and to withdraw their previous motions for continuance. The motion by the defendant and counsel to withdraw prior motions stated that it "acknowledges that the issues are in all respects ready for trial," and requested the defendant's cases be recalendared for trial at that session of court. Although the record on appeal does not reflect a specific ruling by the trial court on this motion, the trial court allowed the immediate trial of the defendant's cases which resulted in this appeal.

At trial the State offered evidence tending to show that Dean Burgess locked the doors to a store he operated in Spindale, North Carolina, on the evening of 31 January 1977 and went home. The burglar alarm in the store went off later that night, and Burgess returned to the store. He entered the store alone, and a large man with a gun accosted him. The man forced Burgess to lie down at the back of the store and stole Burgess' wallet containing approximately $1,200. Burgess then heard the man calling out to someone in the front of the store. The two intruders carried on a short conversation, and the man in the front of the store told the other to kill Burgess. The man who had first accosted Burgess fired a shot at him but missed, and the two intruders fled.

The witness Burgess later identified the man who shot at him as Marlon Edwards and the voice he heard in the store as sounding like that of the defendant. Rodney Wiggins testified that he, Marlon Edwards and the defendant broke into the Burgess store on the evening in question. Wiggins stated that he left the store, however, when Burgess arrived.

The defendant presented evidence in the nature of alibi testimony. Tonya Huffman testified that she was present when the defendant checked into a motel room in Gastonia, North Carolina, on the evening in question. She further testified that she saw the defendant at the motel as late as 9:00 p.m. on that date.

*Attorney General Edmisten, by Leigh Emerson Koman, for the State.*

*T. Eugene Mitchell for the defendant appellant.*

MITCHELL, Judge.

[1] The appellant first assigns as error the order of the trial court granting his motion for a continuance but revoking his appearance bond and ordering him taken into custody in the prison hospital for safekeeping. In support of this assignment, the defendant contends that the order denied him his rights to the effective assistance of counsel, to compel attendance of witnesses in his behalf, and to due process and equal protection of law guaranteed by the Constitution of the United States and the Constitution of North Carolina. The defendant argues that the action of the trial court in revoking his appearance bond was intended to so burden his exercise of his constitutional rights as to force him to waive those rights and to proceed with trial although unprepared. We specifically reject this argument, as both the order and the remainder of the record on appeal are absolutely devoid of any evidence whatsoever tending to indicate any effort by the trial court to coerce or pressure the defendant into waiving any of his rights.

At the time it allowed the defendant's motions for a continuance, the trial court found that subpoenas had not been served upon the defendant's witnesses. This finding is supported by unserved subpoenas directed to several of the defendant's

witnesses, which are contained in the record on appeal. The trial court also indicated that it based its order granting the continuance in part upon representations by the defendant and his attorneys concerning his ill health and inability to assist counsel in preparing his defense. The representations which were then before the trial court relating to the defendant's ill health and inability to assist counsel are also included in the record on appeal. Having considered and made reference to these matters, the trial court found that the interests of justice required that a continuance be granted until the next criminal term of superior court in Rutherford County, and that the defendant's bond be revoked in order to insure that he would be able to proceed at that time.

The order of the trial court was in all respects proper pursuant to its authority under G.S. 15A-534(f), which provides for revocation of an order of pretrial release for good cause shown. The defendant had specifically indicated to the court that his sickness and the medication it necessitated directly impaired his mental capacity. The defendant's evidence additionally indicated that, absent hospitalization and definitive treatment, the condition might well continue to impair his mental ability beyond the next criminal term of superior court in Rutherford County. The trial court properly took this into account in deciding to revoke the defendant's bond. In determining the conditions of release or the propriety of revoking a defendant's bond, the trial court may consider not only the question of whether the defendant will appear for trial, but may also consider whether he will appear for trial in such mental and physicial condition as to be able to proceed. G.S. 15A-534(c) and (f). Had the defendant so chosen, he could, of course, have applied for an order setting forth new conditions of pretrial release after the trial court revoked his appearance bond. Upon such motion, the trial court would have been required to set new conditions of pretrial release. G.S. 15A-534(f). The trial court's order granting the defendant's motion for a continuance and revoking his appearance bond in order to insure that he would be both present and able to proceed with trial on the next date for which trial was set was without error.

[2] However, having determined from competent evidence that the interests of justice required that the defendant's case be continued in order that the defendant could be granted the opportunity to seek compulsory attendance of witnesses and the effec-

tive assistance of counsel, the trial court erred in allowing the case to proceed to trial upon the defendant's motion for a speedy trial and for leave to withdraw his prior motions for a continuance. No evidence was introduced before the trial court indicating that the defendant's impairments had subsided or no longer existed. Having determined that the interests of justice required a continuance, the action of the trial court in allowing the case to proceed to trial without evidence or findings that the impediments to those rights had subsided constituted a denial of those rights as well as the defendant's rights to due process of law and equal protection of the laws. Each of these rights is specifically guaranteed to every defendant by the Constitution of the United States and the Constitution of North Carolina. U.S. Const. amend. XIV, § 1; N.C. Const. art. I, §§ 19 and 23.

The filing of the defendant's motion for a speedy trial and for leave to withdraw the prior motions for a continuance may not be held to constitute a waiver of those rights preserved by the original order of the court granting the continuance. Courts indulge every reasonable presumption against the waiver of fundamental rights. *Johnson v. Zerbst,* 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971); *State v. Stokes,* 274 N.C. 409, 163 S.E. 2d 770 (1968). At the time the trial court granted the defendant's motion to withdraw his prior request for a continuance, which amounted to a waiver of a right found to exist by the trial court, the defendant indicated that he was under the influence of drugs and unable to assist counsel. This evidence tended to find support in the statement of the defendant's physician which was considered by the court. The trial court made no finding contrary to the unrebutted evidence that the defendant was unable to assist counsel in the preparation of his defense. The presumption against waiver of the fundamental rights protected by the trial court's first order was not rebutted or overcome. The trial court having correctly found and concluded that the interests of justice required a continuance, the same interests of justice required that the defendant's motion for speedy trial and to withdraw his prior motions be denied. For these reasons the trial court erred in permitting the case to go to trial, and the defendant must be and is granted a

New trial.

Judges MORRIS and ERWIN concur.