STATE OF NORTH CAROLINA v. DARRELL MACKEY

No. 8112SC1397

(Filed 20 July 1982)

1. **Constitutional Law § 68— right to present witnesses—intimidation of alibi witness to change testimony**

    Defendant's constitutional right to present witnesses to establish his defense was violated by the prosecution's intimidation of defendant's alibi witness which resulted in the witness returning to the stand and repudiating his earlier testimony exculpating defendant where a police officer threatened to prosecute the witness for perjury and the prosecutor assured the witness that he would not be prosecuted if he would take the stand again and tell the truth.

2. **Constitutional Law § 35— intimidation of alibi witness—no waiver of objection**

    Defendant's failure to make an objection at trial did not constitute a waiver of his right to object to the prosecution's intimidation of a defense witness to repudiate his earlier testimony where defense counsel had no notice that the witness would testify as the state's rebuttal witness or that the witness intended to repudiate his earlier testimony until the witness actually testified on rebuttal, since an objection and motion to strike would have been ineffective to wipe out the prejudicial effect of the witness intimidation after the jury had already heard the repudiation.

**3. Criminal Law § 75.10— admissibility of incriminating statement**

 The trial court properly admitted defendant's incriminating statement made during police interrogation where the court found that the statement was made voluntarily in the presence of several officers after defendant had been advised of his constitutional rights and had signed a waiver of his rights and a consent to be questioned form, and the several interpretations which could be given to the statement were for jury determination.

APPEAL by defendant from *Lane, Judge.* Judgment entered 30 July 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 June 1982.

Defendant was convicted as charged of armed robbery and sentenced to ten to twenty-five years' imprisonment.

STATE'S EVIDENCE

At trial the State presented the testimony of Calvin Miller, an employee of a gas station in Cumberland County. At 9:45 p.m. on 14 February 1981, Miller was robbed of $218 by two men, one of whom had a handkerchief over his face and carried a shotgun. On the following day Miller picked Willie White out of a lineup as the man involved in the robbery whose face was uncovered. Although defendant was also in the lineup, Miller did not identify him. Miller testified that the man whose face was covered was taller than he was; defendant was shorter than Miller.

Fayetteville police officers stated that they stopped White's car at approximately 6:45 a.m. on 15 February 1981. The defendant was also in the car. The officers found a shotgun, similar to the one used in the robbery and belonging to defendant, on the floorboard.

Willie White testified as a State's witness that he and defendant robbed the gas station.

DEFENDANT'S EVIDENCE

Defendant testified that he had a cookout at his house on 14 February 1981 and remained there from early afternoon until midnight, at which time he left with White. Defendant had given White his shotgun to keep in White's trunk and the two planned to pawn it. Defendant's wife and Gregory Moore, a guest at the cookout, corroborated defendant's account of the events of 14 February.

After the defense had rested, the State called Gregory Moore as a rebuttal witness. Moore changed his earlier testimony, testifying that he had not seen defendant on the day of the crime and that defendant had asked Moore to testify that he was with defendant that day.

*Attorney General Edmisten by Assistant Attorney General Lemuel W. Hinton for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender James H. Gold for defendant appellant.*

CLARK, Judge.

[1] Defendant argues that he was denied his due process rights under the Sixth and Fourteenth Amendments to the United States Constitution by the State's intimidation of witness Gregory Moore. Moore stated on rebuttal that after he had testified as a defense witness in support of defendant's version of his activities on the day of the crime, he was approached outside the courtroom by Police Detective Phillips. Phillips told Moore that he knew Moore's testimony was false and that Moore could be prosecuted for perjury. Phillips then read Moore his rights and told him to come forth and tell the truth. Moore talked to the District Attorney and was assured he would not be prosecuted if he would take the stand again and tell the truth. Moore then testified that his earlier testimony was false, that he did not see defendant at all on 14 February, and that defendant had asked him to say that he was with defendant that day.

Under the Sixth Amendment a defendant has the right

"to confront a witness for the prosecution for the purpose of cross-examination or to present his own witnesses to establish a defense. Both rights are fundamental elements of due process of law, and a violation of either could hamper the free presentation of legitimate testimony. The following statement from Annot., 127 A.L.R. 1385, 1390, is pertinent: 'Any statement by a trial court to a witness which is so severe as to put him or other witnesses present in fear of the consequences of testifying freely constitutes reversible error.'"

*State v. Rhodes*, 290 N.C. 16, 24, 224 S.E. 2d 631, 636 (1976). Substantial government interference with the voluntariness of a

witness's choice of whether or not to testify and with the content of that testimony infringes on a defendant's constitutional right to present witnesses to establish his defense. *Webb v. Texas,* 409 U.S. 95, 34 L.Ed. 2d 330, 93 S.Ct. 351 (1972); *United States v. Hammond,* 598 F. 2d 1008 (5th Cir. 1979); *Bray v. Peyton,* 429 F. 2d 500 (4th Cir. 1970).

> "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."

*Washington v. Texas,* 388 U.S. 14, 19, 18 L.Ed. 2d 1019, 1023, 87 S.Ct. 1920, 1923 (1967).

We hold that defendant in this case was denied his due process rights by the prosecution's intimidation of Gregory Moore which resulted in Moore's returning to the stand and repudiating his earlier testimony that had been exculpatory to defendant. There can be little doubt that the confrontation by Detective Phillips with the threats of prosecution for perjury was responsible for Moore's subsequent course of action. Although the witness was not intimidated by the judge as was the case in *State v. Rhodes, supra,* we find that Moore's intimidation by a police detective and the offer of immunity by the District Attorney, who are symbols of the government's power to prosecute offenders, likewise deprived defendant of due process of law. *See, United States v. Morrison,* 535 F. 2d 223 (3d Cir. 1976). A criminal defendant has the right to present his own version of the facts and to present his own witnesses without unwarranted judicial or prosecutorial interference. *Id.* The intimidation of the witness Moore infringed on defendant's constitutional right to have Moore's freely-given testimony.

[2] The State argues that the defendant waived his right to object to the witness intimidation by his failure to make an objection at trial. The courts indulge every reasonable presumption against waiver of fundamental constitutional rights. *State v.*

*Stokes,* 274 N.C. 409, 163 S.E. 2d 770 (1968); *State v. Brooks,* 38 N.C. App. 445, 248 S.E. 2d 369 (1978). However, a defendant may waive the benefit of statutory or constitutional provisions by "express consent, failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it." *State v. Gaiten,* 277 N.C. 236, 239, 176 S.E. 2d 778, 781 (1970). Under the particular circumstances presented by this case, we hold that defendant did not waive his due process rights. It appears from the record that defense counsel had no notice that Moore would testify as State's rebuttal witness. He also did not know that Moore intended to repudiate his earlier testimony until Moore actually testified on rebuttal. At that point in the trial, after the jury had already heard Moore's repudiation, an objection and motion to strike would have been ineffective to wipe out the prejudicial effect of the witness intimidation. An objection would not have dispelled the witness intimidation once it had occurred. We also believe that defense counsel's failure to move for mistrial did not constitute a waiver. The presumption against waiver of fundamental rights has not been rebutted or overcome by the facts here presented.

By this decision, we do not express an opinion as to Moore's veracity at the two times he testified. On retrial, his credibility must be determined by the jury after it observes him and weighs his testimony.

[3]  We discuss one other assignment of error made by defendant since it might recur as an issue upon retrial. We find no merit to defendant's argument that the court erred in admitting into evidence his incriminating statement made during police interrogation. It appears from the record that the findings made by the court on *voir dire* were fully supported by the evidence. The court found that the statement was made voluntarily in the presence of several officers after defendant had been advised of his constitutional rights and had signed the waiver of his rights and consent to be questioned form. Under the totality of the circumstances, we hold that defendant's statement was properly admitted and that the several interpretations which could be given to the statement were for jury determination. *See State v. Dollar,* 292 N.C. 344, 233 S.E. 2d 521 (1977). We overrule this assignment of error.

We do not discuss the defendant's other assignments of error since the questions they raise may not recur at a new trial.

In conclusion, it appears from the record that the intimidation of Moore violated defendant's constitutional right to present his own witnesses to establish his defense. Because of this reversible error, there must be a

New trial.

Judges WEBB and WHICHARD concur.