STATE OF NORTH CAROLINA
v.
SHANNON MAURICE BAILEY.
No. COA08-544
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Leonard G. Green, for the State.
M. Alexander Charns for defendant-appellant.
ROBERT C. HUNTER, Judge.
Shannon Maurice Bailey ("defendant") appeals from judgments entered 7 February 2008 by Judge Franklin F. Lanier in Harnett County Superior Court in accordance with jury verdicts finding him guilty of: (1) first degree rape; (2) first degree kidnapping; (3) first degree burglary; (4) felonious restraint; and (5) possession of a firearm by a felon. Defendant was sentenced to: (1) 288 to 355 months imprisonment for the rape conviction; (2) 100 to 129 months imprisonment for the kidnapping conviction; (3) 77 to 102 months imprisonment for the burglary conviction; (4) nineteen to twenty-three months imprisonment for the felonious restraint conviction; and (5) fifteen to eighteen months imprisonment for thepossession of a firearm conviction, all to run consecutively. After careful review, we find no error.
On appeal, defendant argues: (1) the trial court erred by encouraging him not to testify in violation of his state and federal constitutional rights; and (2) his trial counsel was ineffective because he failed to request recordation of jury selection, bench conferences, and opening and closing arguments. These arguments are without merit.

A. Defendant's Right to Testify
It is well established that generally a criminal defendant has a constitutional right to testify in his own defense. Rock v. Arkansas, 483 U.S. 44, 97 L. Ed. 2d 37 (1987). Furthermore, "[s]ubstantial government interference with the voluntariness of a witness's choice of whether or not to testify and with the content of that testimony infringes on a defendant's constitutional right to present witnesses to establish his defense." State v. Mackey, 58 N.C. App. 385, 387-88, 293 S.E.2d 617, 619 (citations omitted), appeal dismissed and disc. review denied, 306 N.C. 748, 295 S.E.2d 761 (1982).
Here, at trial, defense counsel informed the court that defendant wanted to testify on his own behalf despite counsel's advice to the contrary and asked the court to inquire into defendant's request outside the presence of the jury, which the court did. During this inquiry, the court explained to defendant that if he testified: (1) anything he said could be used against him; (2) he would be subject to cross-examination by the State; and(3) the State could introduce evidence of certain prior convictions. The court further informed him that if he elected not to testify, this fact could not be used against him. Defendant asked the court if he would be allowed to speak to the jury without interruption, and the court explained that it could not offer defendant such a guarantee.
Defendant elected to testify. After defense counsel asked defendant two questions pertaining to his residence, defendant interrupted counsel and stated "I'd like to speak, your Honor." Defense counsel then asked defendant another question; however, once again, defendant interrupted and asked the court to allow him to speak. The trial court then asked defendant if he was going to answer his attorney's questions and if he wanted to make a statement, to which defendant responded, "I'd like to testify [to] the truth."
The court granted defendant's request, and the following exchange occurred:
THE DEFENDANT: Last week, last week on the 30th of January we had a court  we had court here in superior court. And I asked for a new attorney.
THE COURT: Sustained.
[THE STATE]: Objection.
THE COURT: You cannot  members of the jury, you are not to consider that testimony in any way. It's ordered stricken. You're not to consider it. Go ahead, sir. Mr. Bailey. Mr. Sheriff, take the jurors out for a minute.
(the jury exited the courtroom)
THE DEFENDANT: I'd like to step down, your Honor.
THE COURT: What did you say, sir?
THE DEFENDANT: I'd like to step down now.
THE COURT: You are not going to testify or make any other statements, is that correct?
THE DEFENDANT: I'd like to step down right now, sir, please.
THE COURT: My question is, do you wish to make any other statement in front of the jury?
THE DEFENDANT: Not right now at this time.
THE COURT: It's not going to be this time not right now, it's going to be period. Once you step down, you're through. Unless you want to answer [defense counsel]'s questions. You have the opportunity now to make a statement and say what you want to say as it relates to this case. You cannot talk about things other than the events around December and around March when these incidents are alleged to have occurred.
THE DEFENDANT: I'd like to step down.
THE COURT: All right. Let him step down. All right. Bring the jury back in.
A close review of the record in the instant case, particularly the above exchange between defendant and the trial court, demonstrates that the court did not prohibit defendant from testifying in his own defense. Rather, at defense counsel's request, the court simply explained to defendant the consequences of electing to testify. After being called to the stand to testify, defendant demonstrated a complete lack of willingness to answer defense counsel's questions and tried to inform the jury that he had tried to have defense counsel removed from his case shortly before trial. After the court told the jury not to consider this evidence, defendant repeatedly requested permission to step down from the stand in spite of the fact that the court asked defendant if he wanted to testify or to make another statement before the jury. Even after the court informed him that stepping down from the stand would end his opportunity to testify, defendant remained steadfast in articulating his desire to step down, and the court acquiesced to his request. Thus, we hold the court did not violate defendant's state and federal constitutional rights to testify and present his defense.

B. Ineffective Assistance of Counsel
Next, defendant asserts he received ineffective assistance of counsel because his trial counsel did not request recordation of jury selection, opening and closing arguments, and private bench conferences. This argument is without merit.
To establish a claim for ineffective assistance of counsel:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)). This Court has explicitly held that neither due process nor effective assistance of counsel are denied merely because a defendant's trial counsel does not request recordation of jury selection, opening and closing arguments, and bench conferences. State v. Verrier, 173 N.C. App. 123, 129-30, 617 S.E.2d 675, 679-80 (2005). Accordingly, we overrule this assignment of error.
In sum, after careful review of defendant's arguments, we find no error.
No error.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).