STATE v. ROY SINCLAIR.

*Indictment for Assault with a Deadly Weapon—Deadly Weapon—Province of the Court to Determine What is a Deadly Weapon.*

1. Whether an instrument used in an assault is a deadly weapon is a question of law where there is no dispute about the facts, and as the jurisdiction of the court depends upon the determination of the question, it is proper for the trial judge to determine such matter when necessary.

2. In determining whether a weapon used in an assault is a deadly weapon, it is necessary to take into consideration the size and nature of the weapon, the manner in which it is used, the size and strength of the assailant and the assaulted.

3. A deadly weapon is not one that *must* kill or that *may* kill, but it is one which would likely produce death or great bodily harm, used by the defendant in the manner in which it was used.

4. A piece of pine weather-boarding, fourteen to eighteen inches long, three-quarters of an inch thick, six inches wide at one end and tapering to a point at the other, was not a deadly weapon in the hands of a feeble fifteen-year-old boy weighing eighty pounds, who held it by the small end and struck with its edge the leg and back of a grown man of average size who was held by two other men.

INDICTMENT for assault with a deadly weapon, tried before *Norwood, J.*, and a jury, at Fall Term, 1896, of YANCEY Superior Court.

Defendant pleaded former trial and conviction before a justice of the peace. It was admitted by the State that the defendant had been formerly tried and convicted regularly before the justice of the peace, who had assumed jurisdiction and disposed of the case, but the State alleged that a deadly weapon had been used and that, therefore, the justice had no jurisdiction. The only question before the court was whether or not the weapon used by the defendant was a deadly weapon in his hands. (The evidence introduced necessary to an understanding of defendant's exceptions appears in the opinion of the court.)

There was a verdict of guilty, motion for a new trial overruled, and the court adjudged that defendant pay a fine of one penny and costs Defendant appealed.

*Mr. Attorney General Zeb V. Walser*, for the State.

*Messrs. Covington* and *Redwine*, for defendant (appellant).

FURCHES, J. : This is an indictment for assault and battery with a deadly weapon. The defendant pleaded former trial before a justice of the peace and conviction. It

STATE *v.* SINCLAIR.

was admitted that the defendant had been so tried and convicted. But the State insisted that the assault was made with a deadly weapon and that a justice of the peace had no jurisdiction of the offence.

This is the only question in the case, and depends upon the fact as to whether the instrument used, the manner in which it was used, the party who used it, and upon whom it was used, made it a deadly weapon or not.

"The defendant, at the time of the assault, was only 15 years old, weighed 75 or 80 pounds, and was a feeble, sickly boy. The assailed was a grown young man of about the average size, and at the time was being held by two men, each one holding him by the arm. The weapon used by the defendant was a piece of pine weather boarding, which had come off a house near by, which had been in use several years, was 5 to 6 inches wide at one end, and gradually tapered down to a point at the other end and three-quarters of an inch thick, and from 14 to 18 inches long. The defendant held this plank by the small end and struck the assailed with the edge of it on the back of the leg, making a blue spot on the back which was sore for two or three weeks. His Honor held that this plank was a deadly weapon *per se* and so instructed the jury."

As to whether an instrument used in an assault and battery is a deadly weapon or not, is generally a question of law. *State* v. *Huntley*, 91 N. C., 617; *State* v. *West*, 51 N. C., 505; *State* v. *Craton*, 28 N. C., 164; *State* v. *Collins*, 30 N. C., 407. This question has been submitted to the jury, in a few cases, where the matter was left in doubt by conflicting evidence as to the size of the weapon used and the manner in which it was used, and such submissions to the jury have been approved by this court.

But in this case there is no dispute about the facts, and it appears that the piece of plank was in court on the trial, as a diagram is sent up with the case.

Besides, as this was a question that went to the jurisdiction of the court, it seems to us that it was one which should have been determined by the court, and the court seems to have so understood it.   The question then is, did the court correctly decide this question?   Was the charge to the jury, that it was a deadly weapon as used, correct? A deadly weapon is not one that must kill, nor is it one that may kill.   A gun or a 40-calibre pistol is certainly a deadly weapon in contemplation of law.   But they are often used without producing death, while a penknife is not considered a deadly weapon, and yet death occasionally is produced by its use.  It does not depend upon the fact as to whether death ensues from its use or not.   But the size and nature of the weapon, the manner in which it is used, the size and strength of the party using it, and the person upon whom it is used—these must all be taken into consideration by the court in determining whether it is a deadly weapon or not.

The best definition we can find of a deadly weapon (and it is the one most usually given by the courts) is a weapon that would likely produce death or great bodily harm, used by the defendant, in the manner in which it was used. *State* v. *Collins*, 30 N. C., 407, and cases cited *supra*. Tested by this definition, we are of the opinion that this was not a deadly weapon.   Error.

New Trial.