STATE OF NORTH CAROLINA v. STEVE LEON CRAIG

No. 7425SC202

(Filed 6 March 1974)

Automobiles § 119; Constitutional Law § 28; Criminal Law § 18— drunken
    driving — appeal to superior court — plea of guilty of reckless driving
        The superior court had no jurisdiction to accept a plea of guilty
    to a charge of reckless driving when defendant was before the court
    on appeal from a conviction in the district court for operating a
    motor vehicle while under the influence of intoxicating liquor since
    reckless driving is not a lesser included offense of driving under the
    influence of intoxicating liquor and the record shows no written in-
    formation charging reckless driving and no waiver of indictment or
    information. G.S. 7A-271(a)(5) ; G.S. 15-140.

ON *certiorari* to review trial before *Wood, Judge,* 13 August 1973 Session of Superior Court held in CALDWELL County.

Defendant was tried in the district court upon a two-count warrant charging him with (1) operating a motor vehicle on a public highway in Caldwell County on the 12th day of April, 1973 while under the influence of intoxicating liquor, and (2) failing to yield right-of-way in obedience to a duly erected stop sign. He was found guilty upon both charges and judgment entered imposing a suspended sentence of imprisonment. From this judgment defendant appealed to the superior court.

When the cases were called for trial in the superior court, the State elected to take a nol pros on the charge of failure to yield right-of-way in obedience to the stop sign and accepted a plea of guilty to reckless driving. The court sentenced the defendant to six months imprisonment which was suspended and defendant placed on probation for two years. When defendant did not consent to the terms of probation, the court entered an active sentence. Two days later the defendant agreed to accept the conditions of probation as pronounced by the court in its original judgment, and this judgment was reinstated.

Upon petition by defendant, this Court granted certiorari.

*Attorney General Morgan, by Associate Attorney James Wallace, Jr., for the State.*

*Gudger and Sawyer, by Wesley F. Talman, Jr., for defendant appellant.*

BALEY, Judge.

The sole question here involved is whether the superior court has jurisdiction to accept a plea of guilty to a charge of reckless driving when defendant is before the court on appeal from a conviction in the district court for operating a motor vehicle while under the influence of intoxicating liquor. We hold that the superior court does not have such jurisdiction in this case and vacate the judgment imposed.

Reckless driving is a misdemeanor. G.S. 20-140, G.S. 20-176. Except as provided in G.S. 7A-271, the district court has exclusive original jurisdiction for the trial of misdemeanors. G.S. 7A-272. *State v. Wall,* 271 N.C. 675, 157 S.E. 2d 363.

There was no charge of reckless driving against the defendant in either the district or superior courts. He has appealed his conviction in the district court for the misdemeanor of driving under the influence of intoxicating liquor and was in the superior court for trial de novo upon that charge. The jurisdiction of the superior court for the trial of defendant was entirely derivative and obtained only with respect to the charge of driving under the influence of intoxicating liquor.

> " '[T]he Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor.*' " *State v. Guffey,* 283 N.C. 94, 96, 194 S.E. 2d 827, 829.

When a conviction for a misdemeanor is appealed from the district court to the superior court for trial de novo, the superior court is permitted to accept a plea of guilty to a lesser included offense or related charge as provided in G.S. 7A-271 (a) reading as follows:

> "[T]he superior court has jurisdiction to try a misdemeanor:
>
>     .   .   .
>
> (5) When a misdemeanor conviction is appealed to the superior court for trial de novo, to accept a guilty plea to a lesser-included or related charge."

But the acceptance of a plea of guilty by the superior court to a related charge in misdemeanor appeals from the district court is conditioned upon the requirement that the related charge be contained in a written information. G.S. 15-140 provides:

> *"Waiver of indictment in misdemeanor cases.*—In any criminal action in the superior court where the offense charged is a misdemeanor, the defendant may waive the finding and return into court of a bill of indictment. If the defendant pleads not guilty, the prosecution shall be on a written information, signed by the solicitor, which information shall contain as full and complete a statement of the accusation as would be required in an indictment. No

waiver of a bill of indictment shall be allowed by the court unless by the consent of the defendant's counsel. *Pursuant to G.S. 7A-271(a)(5), the superior court is authorized to accept a plea to a related charge in misdemeanors appeals from the district court if the related charge is contained in the written information authorized by this section."* (Emphasis added.)

Reckless driving is not a lesser offense included in the charge of driving under the influence of intoxicating liquor. The two offenses are separate and distinct even though they may both arise out of the same transaction. *State v. Fields,* 221 N.C. 182, 19 S.E. 2d 486. Even if reckless driving is considered a related charge, there is nothing in the record here to indicate compliance with G.S. 15-140. While ordinarily no indictment or information for a misdemeanor may be obtained in the superior court, the General Assembly has authorized a written information in the limited instances set out in G.S. 15-140. The record does not show a written information nor a waiver of indictment or information. In fact, there is no accusation at all of reckless driving except as it may be implied by the guilty plea.

As quoted with approval by Chief Justice Parker in *McClure v. State,* 267 N.C. 212, 215, 148 S.E. 2d 15, 17-18:

> "There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity."

*See also State v. Cassada,* 6 N.C. App. 629, 170 S.E. 2d 575.

Since the superior court has no original jurisdiction of the misdemeanor of reckless driving, and the statutes which conferred jurisdiction upon appeal for the acceptance of a plea to a lesser included or related charge were not complied with, it follows that the superior court had no jurisdiction to accept the plea of defendant and impose judgment.

Judgment arrested.

Judges CAMPBELL and HEDRICK concur.