STATE OF NORTH CAROLINA v. HENRY WHITAKER

No. 751SC1042

(Filed 2 June 1976)

**Assault and Battery § 15— felonious assault — failure to submit simple assault — whether instruments were deadly weapons**

 In a prosecution of defendant for assault with a deadly weapon with intent to kill a fellow prison inmate and a prison guard, the trial court erred in failing to submit issues of simple assault in both cases where it was for the jury to determine whether a knife, nail clippers, and a broom handle used in the assault were deadly weapons.

APPEAL by defendant from *Webb, Judge.* Judgment entered 21 August 1975 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 6 April 1976.

Defendant was indicted on two charges for assault with a deadly weapon with intent to kill Donald Dowdy and William Burney. He entered a plea of not guilty.

The evidence for the State tended to show that on 13 May 1975, Burney and defendant were inmates at Maple Prison Unit and Dowdy was a prison guard at that unit. Defendant, in response to a comment by Burney about defendant's running to breakfast, stabbed Burney with a knife on his left side causing a wound one-half inch wide and hit him on top of the head with a broken broom handle. Officer Dowdy attempted to break up the fight and was hit on the front part of his forehead with the broom handle by the defendant. As a result of the blow to his forehead, Officer Dowdy blacked out for a while and developed a large knot on his forehead.

At the close of the State's evidence, the court granted defendant's motion to dismiss as to the charge of assault with a deadly weapon with intent to kill Officer Dowdy, and allowed the jury to determine whether or not defendant was guilty of assault with a deadly weapon on Officer Dowdy.

Defendant testified that Burney attacked him with a razor, and he responded by scratching Burney with his nail clippers. Burney then attacked defendant with a broom whereupon defendant attempted to hit Burney with a broken broom handle. In doing so, defendant mistakenly hit Officer Dowdy. Another inmate corroborated defendant's testimony.

The jury returned a verdict of guilty of assault with a deadly weapon in each case. From judgment imposed thereon, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Richard L. Griffin, for the State.*

*Wilton F. Walker, Jr., for defendant.*

MARTIN, Judge.

Defendant's two assignments of error relate to the failure of the court to submit to the jury the issue of simple assault in each case.

The defendant contends that an additional issue of simple assault upon Donald Dowdy and William Burney should have been submitted to the jury by the judge in his charge in that he left it to the jury to determine whether the broom handle and the knife were deadly weapons. The jury could have determined that the broom handle and knife were not deadly weapons, in which case they should have been able to find defendant guilty of simple assault.

"An instrument which is likely to produce death or great bodily harm, under the circumstances of its use, is properly denominated a deadly weapon. (Citation omitted.) But where it may or may not be likely to produce such results, according to the manner of its use, or the part of the body at which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. . . . 'If its character as being deadly or not depended upon the facts and circumstances it became a question for the jury with proper instructions from the court. (Citations omitted.)'" *State v. Perry*, 226 N.C. 530, 39 S.E. 2d 460 (1946).

In the instant case, whether the broom handle, nail clippers, and knife were deadly weapons were questions for the jury.

"When there is evidence tending to support a milder verdict than the one charged in the bill of indictment the defendant is entitled to have different views presented to the jury under a proper charge, and an error in this respect is not cured by a verdict convicting him of the crime as charged in the bill of indictment, for in such case it cannot be known whether the jury would have convicted of a less degree if the different views, arising on the evidence had been correctly presented by the trial court. (Citations omitted.)" *State v. Burnette,* 213 N.C. 153, 195 S.E. 356 (1938).

Having submitted the question as to the deadly character of the weapons to the jury for their determination, it was incumbent upon the court to also submit to the jury the lesser degree of the crimes charged arising upon the evidence.

The failure of the court to charge the jury as to its right to return a verdict of guilty of simple assault, and to explain the law in respect thereto, deprived defendant of a substantial right, entitling him to a new trial.

New trial.

Chief Judge BROCK and Judge VAUGHN concur.