STATE OF NORTH CAROLINA v. BILLY RAY MENSCH

No. 7719SC514

(Filed 7 December 1977)

1. **Arrest and Bail § 5.1; Assault and Battery § 15.7— assault on law officer—refusal to instruct on self-defense**

    In this prosecution for assault on a law officer while he was discharging a duty of his office, the trial court did not err in refusing to instruct the jury on self-defense where the court did instruct the jury that defendant had a right to assault the officer if the officer used excessive force in effecting an arrest of defendant, since the court's instruction was more favorable to defendant than a general charge on self-defense which would have restricted defendant to the use of reasonable force under the circumstances.

2. **Arrest and Bail § 5.1; Assault and Battery § 11.3— assault on law officer—excessive force by officer**

    In all cases where the charge is assault on a law officer in violation of G.S. 14-33(b)(4) or assault on a law officer with a firearm in violation of G.S. 14-34.2, the use of excessive force, whether deadly or non-deadly, in making an arrest or preventing escape from custody does not take the officer outside the performance of his duties, nor does it make the arrest unlawful.

3. **Assault and Battery § 15.4— use of excessive force by officer—right to repel excessive force**

    In prosecutions for assault on a law officer, it is not incumbent upon the State to prove that the officer did not use excessive force, but where there is evidence tending to show the use of excessive force by the officer, the trial court should instruct the jury that the assault by the defendant upon the officer was justified or excused if the assault was limited to the use of reasonable force by the defendant in defending himself from that excessive force.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 27 January 1977, Superior Court, RANDOLPH County. Heard in the Court of Appeals 24 October 1977.

Defendant pled not guilty to the charge of assaulting Ronnie Morgan, a law officer, while he was discharging a duty of his office, in violation of G.S. 14-33(b)(4).

Officer Morgan, for the State, testified that after arresting defendant for driving a motor vehicle on a public highway while under the influence of intoxicating liquor, he, at defendant's request, drove to the home of defendant's friend for the purpose of getting the friend to drive defendant's vehicle to his home. Morgan got out of the patrol vehicle, took two or three steps, and was struck in the back of the head. Defendant then knocked Morgan to the ground, jumped on his chest with his knees and began choking him. Morgan blacked out briefly, but managed to get up and pull his gun. A highway patrolman drove up. Morgan fell to the ground and lost consciousness until revived in the hospital.

Defendant testified that he got out of the patrol car to go to the front door but Officer Morgan grabbed him by the arm, which "got me sort of mad, and I went toward him." Morgan struck him on the side of the head with a flashlight and "that is when I assaulted him."

Defendant was convicted of the offense charged and appealed from judgment imposing imprisonment.

*Attorney General Edmisten by Associate Attorney Norma S. Harrell for the State.*

*Bell and Ogburn by Chas. T. Browne and William H. Heafner for defendant appellant.*

CLARK, Judge.

The trial court denied the request of the defendant to instruct the jury on self-defense.

Officer Morgan had the right to arrest the defendant without a warrant if he had probable cause to believe that defendant committed a criminal offense in his presence. G.S. 15A-401(b)(1). See *State v. Harris*, 279 N.C. 307, 182 S.E. 2d 364 (1971). The arrest

was made after the officer observed defendant's erratic driving on a public highway and after smelling the odor of alcohol on his breath. Defendant does not contend that the arrest was unlawful.

In making the lawful arrest Officer Morgan had the right to use such force as was reasonably necessary to effect the arrest. G.S. 15A-401(d)(1). *State v. McCaskill*, 270 N.C. 788, 154 S.E. 2d 907 (1967); *State v. Fain*, 229 N.C. 644, 50 S.E. 2d 904 (1948).

The trial court instructed the jury it was incumbent on the State to prove the elements of assault, without justification or excuse, that Morgan was a law officer, that he was attempting to discharge the duty of arrest, that the arrest was lawful, and, finally, that Morgan did not use more force than was reasonably necessary to effect the arrest.

[1] The defendant had no right to defend himself against a lawful arrest if the officer did not use excessive force. And the trial court instructed the jury in substance that if Officer Morgan used excessive force in making the arrest, it was the duty of the jury to find defendant not guilty. These instructions, in effect, informed the jury that if the officer used excessive force in effecting the arrest, the defendant had the right to assault the officer. These instructions were favorable to defendant, even more so than a general charge on self-defense which would have restricted defendant to the use of reasonable force under the circumstances.

In *State v. Irick*, 291 N.C. 480, 231 S.E. 2d 833 (1977), it was held that while the use of excessive force in a lawful arrest may subject a law officer to civil or criminal liability, it does not take the officer outside the performance of his duties.

*Irick* involved the use of firearms and deadly force (G.S. 14-34.2), which a law officer may use in making a lawful arrest if the deadly force is, or reasonably appears, necessary from the viewpoint of the officer. G.S. 15A-401(d)(2). There is a further provision that the statute neither authorizes the use of willful, malicious or criminally negligent conduct which injures or endangers any person or property, nor justifies the use of unreasonable or excessive force. "It makes explicit, in the negative, the positive implications of the authorizing statute's statement that it must be or appear to be 'reasonably necessary' to use deadly force." Corbett, Criminal Process and Arrest Under

the North Carolina Pretrial Criminal Procedure Act of 1974, 10 Wake Forest L. Rev. 377, 401 (1974).

[2, 3]  In the case *sub judice* the force used, if any, in making the arrest, or preventing the escape, of the defendant was not deadly; but the statutory provision against the use of excessive force, referred to above, applies to the use of both non-deadly [G.S. 15A-401(d)(1)] and deadly force [G.S. 15A-401(d)(2)]. The rule of law in *Irick* applies in cases involving the use of both non-deadly and deadly force by the law officer in making an arrest. In all cases where the charge is assault on a law officer in violation of G.S. 14-33(b)(4), or assault of a law officer with a firearm (G.S. 14-34.2), the use of excessive force by the law officer in making an arrest or preventing escape from custody does not take the officer outside the performance of his duties, nor does it make the arrest unlawful. It is not incumbent upon the State to prove that the law officer did not use excessive force, but where there is evidence tending to show the use of such excessive force by the law officer, the trial court should instruct the jury that the assault by the defendant upon the law officer was justified or excused if the assault was limited to the use of reasonable force by the defendant in defending himself from that excessive force.

[1]  In the case before us it appears from the evidence that defendant (age 25, height 6 feet 2 inches, weight 240 pounds) brutally and viciously assaulted Officer Morgan at a time when the officer was attempting to do a favor for him. The able trial judge exercised an abundance of caution and gave the benefit of any doubt in applying the law to the evidence. The instructions to the jury were favorable to the defendant, and there was no error in the denial of defendant's request to instruct on self-defense.

We have carefully examined defendant's other assignments of error and find them to be without merit.

No error.

Judges MORRIS and VAUGHN concur.