STATE OF NORTH CAROLINA v. MICHAEL EDWARD ROBINSON

No. 7815SC1074

(Filed 3 April 1979)

**1. Criminal Law § 113.1— statement of evidence—necessity for request for additional summary of evidence**

Where the court's brief summary of the evidence was sufficient to apply the law to the evidence, it was incumbent on defense counsel who desired more extensive instructions on the evidence to request them at trial.

State v. Robinson

2. **Arrest and Bail § 5.1; Assault and Battery § 15.7— assault on officers—failure to instruct on self-defense—instructions favorable to defendant**

   In a prosecution for assault on officers in the performance of their duties, the trial court's failure to instruct on self-defense did not constitute error where the trial court did instruct the jury that defendant should be found not guilty if the officers used excessive force in effecting an arrest of defendant, since the court's instruction was more favorable to defendant than a general charge on self-defense which would have restricted defendant to the use of reasonable force under the circumstances. Furthermore, the defense of self-defense was not available to defendant since his unjustified resistance to being handcuffed by an officer who had authority to arrest him precipitated his fight with the officers.

3. **Assault and Battery § 15; Criminal Law § 114.2— instructions that certain actions constituted assault—no expression of opinion**

   In this prosecution for assault on officers in the performance of their duties, the trial court did not express an opinion on the evidence but was merely applying the law to the evidence in instructing the jury that the striking of a person with a fist or the flinging of a person against a wall is in fact an assault.

4. **Criminal Law § 18.2— misdemeanor conviction in district court—trial de novo in superior court—instruction on another misdemeanor**

   Where defendant was charged in the district court with drunken driving under G.S. 20-138 but was convicted of the lesser included offense of reckless driving as the result of operating a vehicle while directly and visibly affected by the consumption of intoxicating liquor under G.S. 20-140(c), the superior court on trial de novo erred in instructing the jury on reckless driving under G.S. 20-140(a) but should have instructed on the elements of G.S. 20-140(c), the specific misdemeanor of which defendant was convicted in the district court and the charge for which the superior court had derivative jurisdiction.

5. **Criminal Law § 166— unnecessary narration of evidence in brief—taxing costs against counsel**

   Counsel for appellant is personally taxed with the cost of printing an unnecessary narration of the evidence in the statement of the case in appellant's brief. Appellate Procedure Rule 28(b).

APPEAL by defendant from *Bailey, Judge.* Judgment entered 22 June 1978 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 28 February 1979.

Defendant was cited for driving under the influence of intoxicating liquor in violation of G.S. 20-138, and charged with two counts of assault on a police officer in violation of G.S. 14-33(b)(4) and one count of resisting arrest in violation of G.S. 14-223. In the District Court defendant was found guilty of reckless driving (G.S. 20-140(c)), resisting arrest (G.S. 14-223), and two counts of as-

sault on an officer (G.S. 14-33(b)(4)). Defendant appealed from that judgment for a trial de novo in the Superior Court. Defendant waived arraignment and pled not guilty to the charges of resisting arrest, assault on an officer, and reckless driving.

The State's evidence at trial is summarized as follows: Officer Steve Pryor of the Burlington Police Department testified that he was summoned to the scene of an accident on Alamance Road and Mebane Street. When he arrived he found defendant sitting in a 1971 Pontiac automobile which had run into the ditch on Mebane Street. The officer smelled the odor of alcohol on the defendant. Defendant was not moved from the car until medical assistance arrived because he complained of back injuries. The officer's investigation indicated that the vehicle ran off the right side of the road, struck a brick column several hundred feet down the road, crossed over to the opposite lane of traffic, weaved back to the right, and came to rest in a ditch 647 feet from where the car first left the road.

Defendant was taken to Alamance County Hospital for x-rays of his back. While defendant was waiting to be x-rayed, Officer Pryor asked him to produce his driver's license. Defendant refused. After the x-rays were completed, Officer Pryor again requested defendant to produce his driver's license. Defendant cursed the officer, told him to leave him alone, and then "jerked-out" his license. Officer Pryor advised defendant that he was being placed under arrest because of the evidence of alcohol on his breath. Defendant was released from the hospital and given a prescription to alleviate muscle spasms. When Officer Pryor attempted to handcuff defendant's right hand, he used abusive language toward the officer and attempted to escape. Officer Pryor and Officer C. E. Clemmons, who had been sent to assist Pryor, pushed defendant against the wall and attempted to place the other handcuff on defendant. Pryor put his knee in defendant's back while holding him against the wall. A struggle ensued wherein defendant grabbed and threw Officer Clemmons into the wall before striking and wrestling with Officer Pryor. During the affray, Officer Pryor struck the defendant once in the face and one time in the shoulder with his blackjack. Officer Clemmons struck defendant three times on the head with his flashlight after defendant had knocked Officer Pryor to the floor with his fist. Members of defendant's family had arrived at the scene and

encircled the officers as they attempted to subdue the defendant. An unidentified member of his family tried to take the flashlight away from Officer Clemmons.

Defendant's evidence is summarized as follows: Defendant testified that he was driving about 40 miles per hour. He reached down to get his glasses from the console of the car, the car drifted onto the gravel shoulder of the road, slid down the grade, and hit a brick column. As he braced himself for the impact he felt his back snap, and when the car bounced back up onto the road he could not lift his foot to gain control of the car. Defendant admitted that he had one and one-half drinks of Canadian Mist before the wreck. He testified that after the x-rays were completed, Officer Pryor told him he was under arrest. As he was walking with the officer, the officer was pushing him along the shoulder. Defendant then asked for a cigarette, the officer refused, and defendant cursed him. Officer Pryor then placed handcuffs on defendant which pinched defendant as the officer squeezed down. Defendant reacted by jerking his arm back. Then he said, "[T]he next thing I know they pushed me up against the wall. He put his knee in the middle of my back and was bending me backwards . . . He was trying to hurt me." Defendant then stated that he turned around and hit the officer. Pryor then knocked defendant to the floor and defendant testified, "I fell on the floor and he had me with his arm around my neck beating me in the top of the head and he took his—that black stick and was beating me in the back with it. I was helpless then, 'cause I couldn't get up." After the struggle, defendant received 14 stitches in his head and was sent to Memorial Hospital in Chapel Hill as a precautionary measure.

The case was submitted to the jury which returned verdicts of guilty of reckless driving and guilty on two counts of assault on an officer. Defendant was sentenced to serve consecutively two terms of two years each for the charges of assault on an officer. A 60-day jail term for reckless driving was imposed to be served concurrently with the second two-year term for assault on an officer. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Jo Anne Sanford, for the State.*

*Grady Joseph Wheeler, Jr., for the defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant's first argument brought forward on appeal assigns error to the trial court's summary of the evidence. He alleges that the trial judge failed to state *any* contentions of the defendant with respect to his summary of evidence applying to the charges of assault on an officer. It is apparent to this Court that the trial court did not summarize the evidence in the form of contentions of the State and contentions of the defendant. The summary of the evidence is brief and reviews evidence which is essentially uncontroverted by either party. The State accurately points out that the court's brief summary of the evidence omitted evidence favorable to the State just as it omitted evidence favorable to the defendant. The evidence omitted favorable to the State included that relating to the general uncooperative conduct of the defendant and the abusive language used toward Officer Pryor. Similarly, the trial court failed to underscore certain testimony that the officer had clamped the handcuffs on so tightly as to hurt defendant, and that this pain precipitated the affray.

It has long been the accepted practice in this State, and appropriately so, that when counsel is unsatisfied with the summary of the evidence or contentions of the parties, in order to preserve the error, he must bring this to the court's attention before the jury is sent to deliberate on the issues. This affords the trial court the opportunity to correct any misstatements or to expand on its summary when this is deemed necessary. *See State v. Hewett,* 295 N.C. 640, 247 S.E. 2d 886 (1978); *State v. Watson,* 294 N.C. 159, 240 S.E. 2d 440 (1978). There are, nevertheless, circumstances where no objection is required in order to preserve the error on appeal. *See e.g., State v. Moore,* 31 N.C. App. 536, 230 S.E. 2d 184 (1976) (misstatement of material point including assumption of evidence entirely unsupported by the evidence); *State v. Hewett, supra* (trial court states fully contentions of State but fails to state *any* contentions of defendant). The summary of the evidence was unquestionably brief. However, G.S. 1-180 (now G.S. 15A-1232) only requires that the trial court state the evidence to the extent necessary to explain the application of the law to the evidence. It is incumbent upon defense counsel who desires more extensive instructions on the evidence to request them at trial. *State v. Watson, supra; State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198 (1966).

[2]  The defendant next contends that the trial court erred in failing to instruct the jury on the issue of self-defense. We do not disagree with defendant's argument that when there is sufficient evidence to present the question of self-defense the trial court must instruct the jury on that defense even in the absence of a request to do so. *State v. Berry,* 35 N.C. App. 128, 240 S.E. 2d 633 (1978).

Similarly, there is no question that "where there is evidence tending to show the use of . . . excessive force by the law officer, the trial court should instruct the jury that the assault by the defendant upon the law officer was justified or excused if the assault was limited to the use of reasonable force by the defendant in defending himself from that excessive force." *State v. Mensch,* 34 N.C. App. 572, 575, 239 S.E. 2d 297, 299 (1977), *cert. denied,* 294 N.C. 443, 241 S.E. 2d 845 (1978). The trial court instructed the jury that the officers have the right to use only reasonable force to arrest a suspect and to protect themselves or another officer. He also instructed the jury that they must find beyond a reasonable doubt that defendant intentionally and *without justification or excuse* assaulted the officers. As in *State v. Mensch, supra,* the trial court instructed the jury in effect that if the officers used excessive force in effecting the arrest that defendant should be found not guilty. Judge Clark's comments on the instructions in the *Mensch* case are equally applicable here:

> "These instructions were favorable to defendant, even more so than a general charge on self-defense which would have restricted defendant to the use of reasonable force under the circumstances." 34 N.C. App. at 574, 239 S.E. 2d at 299.

In our opinion, the charge to the jury was more favorable to defendant than a specific self-defense charge. Furthermore, the traditional rule in assault cases is that the right to self-defense is not available to a person who aggressively and willfully enters into a fight unless he first abandons the fight, withdraws from it, and gives notice to his adversary he has done so. *State v. Marsh,* 293 N.C. 353, 237 S.E. 2d 745 (1977). It is not contested that Officer Pryor had the authority to place defendant under arrest and use handcuffs to maintain custody. *See generally* G.S. 15A-401. Therefore, defendant was not justified in objecting to, or resisting, being handcuffed. This resistance precipitated the con-

flict, and he may not now avail himself of the right to defend himself from acts he brought upon himself. *See generally Anno.,* 77 A.L.R. 3d 281 (1977).

[3]   Defendant next contends that the trial court improperly expressed an opinion on the evidence by defining assault in terms of the acts defendant allegedly committed. The instruction in question follows:

> "Now an assault is simply an offer or an attempt to inflict an injury upon another; such offer or attempt being without the permission of the man to whom the offer is made. The striking of one person by another with the fist, the flinging of a person up against a wall, is in fact an assault, if you find it happened."

In our opinion, the trial court was properly following the mandate of G.S. 1-180 (now G.S. 15A-1232) in applying the law to the facts. Moreover, defendant does not himself deny "the flinging of a person (Officer Clemmons) up against a wall." His primary defense was that of self-defense as discussed above. This assignment of error is overruled.

[4]   Finally, defendant contends that the trial court committed error by instructing the jury on careless and reckless driving under G.S. 20-140(a). Defendant argues, and we agree, that the trial judge was required to charge defendant on the same offense of which he was convicted in the District Court, that being G.S. 20-140(c).

Defendant was charged in the District Court with drunken driving, G.S. 20-138, and convicted of the lesser included offense of reckless driving as the result of operating a vehicle while directly and visibly affected by the consumption of intoxicating liquor, G.S. 20-140(c). Upon trial de novo in the Superior Court, the court instructed the jury on the elements of reckless driving under G.S. 20-140(a). A jury verdict was returned finding defendant guilty of reckless driving. The judgment does not reflect under which section defendant was convicted, although it is clear from the record that the instructions did not apply to G.S. 20-140(c).

Reckless driving is a misdemeanor. G.S. 20-140; G.S. 20-176. The district court has original exclusive jurisdiction of misde-

meanors except as otherwise provided by statute. G.S. 7A-272. The jurisdiction of the superior court to try misdemeanor cases is characterized as "derivative jurisdiction" and arises primarily upon appeal for trial de novo from the district court. G.S. 7A-271; *State v. Guffey*, 283 N.C. 94, 194 S.E. 2d 827 (1973). Furthermore, our State Constitution provides in essence " 'that the Superior Court has no jurisdiction to try an accused for *a specific misdemeanor* on the warrant of an inferior court unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from the sentence pronounced against him by the inferior court on his conviction for *such misdemeanor*.' " *State v. Guffey*, 283 N.C. at 96, 194 S.E. 2d at 829 (*quoting State v. Hall*, 240 N.C. 109, 81 S.E. 2d 189 (1954) ). *See also State v. Craig*, 21 N.C. App. 51, 203 S.E. 2d 401 (1974).

The offense of reckless driving under G.S. 20-140(c) should, in our opinion, be treated as a specific misdemeanor. The distinction between the types of reckless driving has been recognized by the legislature. In *State v. Craig, supra*, this Court determined that a conviction under the reckless driving statute which applied to the case under consideration did not constitute a lesser included offense of drunken driving under G.S. 20-138. Subsequently, the legislature amended G.S. 20-140 to add what is now subsection (c), and specifically provided that subsection (c) was to be considered a lesser included offense of drunken driving. The legislature did not, however, change the rule in *State v. Craig* that reckless driving under G.S. 20-140(a) is not a lesser included offense of drunken driving.

We hold that the Superior Court erred in instructing on G.S. 20-140(a), and should have instructed the jury on the elements of G.S. 20-140(c), the misdemeanor of which he was convicted in District Court. We cannot say that, because the sentence imposed in this case, 78CRS117, was to run concurrently with another, there has been no prejudice. A conviction for this offense results in the assessment of four points against defendant's driver's license. G.S. 20-16(c). Because of the court's failure properly to instruct the jury with respect to G.S. 20-140(c), there must be a new trial as to the charge of reckless driving.

[5]  North Carolina Rules of Appellate Procedure, Rule 28(b), provides that "appellant's brief in any appeal shall contain, . . . (2) A

concise statement of the case. This shall indicate the nature of the case and summarize the course of proceedings up to the taking of the appeal before the court. It should additionally contain a *short*, non-argumentative summary of the essential facts underlying the matter in controversy where this will be helpful to an understanding of the questions presented for review." (Emphasis supplied.) The record in this case contained a narration of the testimony at trial. This narration consisted of 18½ pages. The appellant's brief also contained a narration of the evidence consisting of 11½ pages entitled "Statement of Case". The narration of testimony in the record was properly done and entirely sufficient for the Court to understand the evidence presented. The additional narration in the brief was completely unnecessary, but additional time of the Court was required in reading material which was neither necessary nor helpful in understanding the question presented for review. Counsel for defendant will be personally taxed with costs in the amount of $13.00 to cover the printing of a portion of the statement of case.

No. 77CRS17467—no error.

No. 77CRS17468—no error.

No. 78CRS117—new trial.

Judges CLARK and ARNOLD concur.