STATE OF NORTH CAROLINA v. WILLIE JUNIOR JONES

No. 8014SC1094

(Filed 16 June 1981)

1. **Constitutional Law § 49— right to counsel—waiver**

There was no merit to defendant's contention that he was deprived of his right to counsel where the record affirmatively disclosed a knowing and written waiver of counsel.

2. **Assault and Battery § 15.6— assault on law officers—self-defense—instructions improper**

In a prosecution of defendant for assault on law enforcement officers where defendant contended that the officers made unprovoked assaults on him and used excessive force in attempting to take him from a magistrate's office to the jail and that he was acting to defend himself from those assaults, the trial court erred in instructing the jury that, if they believed from the evidence that the officers used excessive force in processing the arrest of defendant, then any assault by defendant on any officers was justified and excused and constituted no crime "if the assault was limited to the use of

reasonable force necessary to defend against the use of excessive force," since, if the officers made unprovoked assaults or used excessive force against defendant in carrying out their custodial duties, they then became much like aggressors in any affray, and rules of law relating to defendant's right to defend himself came into play and should have been explained to the jury.

APPEAL by defendant from *McLelland, Judge.* Judgments entered 17 July 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 12 March 1981.

Defendant was charged in three separate indictments with three counts of assault with a deadly weapon on a law enforcement officer, two counts of misdemeanor assault on a law enforcement officer, malicious injury to personal property and with driving under the influence of intoxicating liquor.

The State's evidence tended to show that defendant came to a police station in Durham shortly after 2:00 a.m. on 18 January 1980. He informed police officers Timothy Leathers and Ralph Burwell, Jr., that he had run his car into a ditch. The officers drove defendant to the scene of the accident and called for a wrecker. On the way to the scene, Officer Leathers detected a strong odor of alcohol about defendant. After the wrecker arrived and towed the car out of the ditch, Officer Leathers arrested defendant for driving under the influence. Officer Burwell testified that he smelled a strong odor of alcohol about defendant, but only after he was placed under arrest. Defendant told the officers he had been drinking beer. When he was given sobriety tests, he missed his nose completely with both fingers, wobbled as he walked and was unable to negotiate a turn very well. In Leathers' opinion, defendant was under the influence of alcohol. He was taken to the magistrate's office where he was again given sobriety tests and "kinda sway[ed]" as he turned, touched his nose with his left hand but had a problem doing it with his right hand, and was slow in picking up coins. Defendant was given the breathalyzer test, and his reading was .14. He was taken before the magistrate who prepared his release order and then was allowed to make telephone calls for about 10 to 20 minutes. At the end of that time, Officer Leathers walked over to the defendant and told him it was time to go, placing his right hand on defendant's arm. Defendant threw the phone down and struck Leathers on the left side of his face, knocking him down and breaking a facial bone. He hit Leathers several times with his fist

and also hit him with a chair. Officer Burwell pulled his nightstick out and hit defendant on the leg several times. Defendant was striking Burwell as he attempted to subdue defendant. Burwell's nightstick broke, and defendant picked up one of the pieces and stabbed Officer Leathers in the stomach. Defendant also picked up a chair and threw it at Burwell. Another deputy, Wayburn Pearce, tried to pin defendant in a corner with a chair. He, however, lost the chair, and defendant picked it up and struck Pearce with it.

Defendant's evidence tends to show that he drove his car into a ditch on 18 January when he was on his way home from a lounge around 1:45 a.m. He went to the police station to get help, and the officers went with him to his car. He told them that he had had a few drinks but had not been drinking excessively. After he was arrested, he was taken to the magistrate's office where he was allowed to use the telephone. As he was trying to call his home for the third time, Officer Leathers told him he had been on the phone long enough, grabbed him and jerked him away from the telephone. Leathers began hitting defendant in the chest. Then Officer Burwell struck him on the leg and tried to hit him on the head with his nightstick. Deputy Pearce threw a chair at defendant. Defendant caught it and threw it back, attempting to defend himself. Burwell's nightstick broke on defendant's forearm, and Burwell threw a jagged portion of it at defendant, stabbing him in the groin. Defendant did not start the fight, but he had to defend himself. He stabbed Officer Leathers with the jagged end of the nightstick which had broken on his wrist. A deputy drew a gun on him and told him to get down on his knees. Defendant told the officers that he was giving up. Then they handcuffed him, threw him around, and tore off all of his clothes except his underwear before taking him upstairs. He had a fractured wrist and elbow and numerous bruises.

Defendant was convicted on all charges and received three concurrent sentences of three years imprisonment.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell and Special Deputy Attorney General Isaac T. Avery III, for the State.*

*Loflin and Loflin, by Thomas F. Loflin III, for defendant appellant.*

State v. Jones

VAUGHN, Judge.

[1]   Defendant first argues that he has been deprived of his right to counsel in violation of his right under the Constitutions of the United States and the State of North Carolina. We conclude that the assignment of error is without merit because the record affirmatively discloses the contrary, as follows.

Defendant, represented by his privately employed counsel, waived formal arraignment on 20 June 1980, entered a plea of not guilty and stated that he was ready for trial. He also executed the following written waiver of his right to assigned counsel:

WAIVER OF RIGHT TO HAVE ASSIGNED COUNSEL

The undersigned represents to the Court that he has been informed of the charges against him, the nature thereof, and the statutory punishment therefor, or the nature of the proceeding, of the right to assignment of counsel, and the consequences of a waiver, all of which he fully understands. The undersigned now states to the Court that he does not desire the assignment of counsel, expressly waives the same and desires to appear in all respects in his own behalf, which he understands he has the right to do.

s / xWILLIE J. JONES

Sworn to and subscribed before me this _____ day of 6-20, 1980.

s / MARGARET H. WOLFE
Clerk of Superior Court

CERTIFICATE OF JUDGE

I hereby certify that the above named person has been fully informed in open Court of the nature of the proceeding or of the charges against him and of his right to have counsel assigned by the Court to represent him in this case; that he has elected in open Court to be tried in this case without the assignment of counsel; and that he has executed the above waiver in my presence after its meaning and effect have been fully explained to him.

This the 20 day of June, 1980.

s / F. GORDON BATTLE
Signature of Judge

The case was called for trial on 16 July 1980 wherein the following took place:

COURT: You are ready to go to trial without a lawyer?

DEFENDANT JONES: Yes, sir, I am.

COURT: Your plea is what?

DEFENDANT JONES: My plea is not guilty.

COURT: Has he been arraigned heretofore?

MRS. MCKOWN: He was arraigned when Mr. Parks represented him.

The record affirmatively discloses a knowing waiver of counsel and, therefore, the assignment of error is overruled.

[2] Defendant also brings forward assignments of error directed at the judge's instructions to the jury. Among other things, defendant contends that the judge inadequately instructed the jury on defendant's right to defend himself against the officers.

The jury was instructed that the burden was on the State to prove that the defendant intentionally and without justification or excuse struck the officer. The jury was further instructed as follows:

The use of excessive force in the performance of a duty of his office by an officer does not take the officer outside the performance of his duty, nor make an arrest unlawful; but where the officer uses excessive force in the performance of a duty of his office, then an assault on the officer is excused if that assault is limited to the use of reasonable force to defend against the use of excessive force.

Thus, if you believe from the evidence that the officers used excessive force in processing the arrest of this defendant in the courthouse, then any assault by this defendant on any officers is justified and excused and constitutes no crime if the assault was limited to the use of reasonable force necessary to defend against the use of excessive force.

Defendant contends that this instruction is inadequate. We agree. The instruction fails to declare and explain the law of self-defense as it applies to the evidence given in the case. The officers had the right to use such force as was reasonably necessary to control the defendant while he was in their custody, including removing him from the magistrate's office to a jail cell. Defendant had no right to defend himself against such force as was reasonably necessary for the officers to carry out these duties. The State's evidence tends to show that no unnecessary force was employed. Defendant's evidence, however, tended to show that the officers made unprovoked assaults on him and used excessive force in attempting to take him from the magistrate's office to the jail and that he was acting to defend himself from those assaults. He testified, in part, "I did the best I could to defend myself without, you know, hurting the officers." It is for the jury and not the court to determine the credibility of the evidence. It is for the judge to declare and explain the law arising on the evidence. G.S. 15A-1232. If, indeed, the officers made the unprovoked assaults or used excessive force against defendant in carrying out their custodial duties, they then became much like aggressors in any affray, and rules of law relating to defendant's right to defend himself came into play and should have been explained to the jury.

It is true that the jury was instructed that defendant could defend with the "reasonable force *necessary*." It is well settled, however, that the necessity does not have to be real, it need be only reasonably apparent to the defendant. *See, e.g., State v. Lee*, 258 N.C. 44, 127 S.E. 2d 774 (1962), where a new trial was ordered because the judge's charge was to the effect that the plea of self-defense rests upon real necessity, and not upon necessity, real or apparent. The reasonableness of such belief is to be judged by the circumstances as they appear to the party charged at the time of the assault. It is, however, for the jury, and not the party charged, to determine the reasonableness of the belief under which the party charged acted. *State v. Francis*, 252 N.C. 57, 112 S.E. 2d 746 (1960).

The State argues that the charge can be sustained under the authority of *State v. Mensch*, 34 N.C. App. 572, 239 S.E. 2d 297 (1977), *review denied*, 294 N.C. 443, 241 S.E. 2d 845 (1978). In that case, however, the trial judge had instructed the jury that if the

officers used excessive force, it was the duty of the jury to find defendant not guilty. The court said

> These instructions, in effect, informed the jury that if the officer used excessive force in effecting the arrest, the defendant had the right to assault the officer. These instructions were favorable to defendant, even more so than a general charge on self-defense which would have restricted defendant to the use of reasonable force under the circumstances.

*Id.* at 574, 239 S.E. 2d at 299. Under that charge, the jury did not have to concern itself with necessity, real or apparent.

We have considered defendant's assignments of error as they relate to the charge of driving under the influence and find them to be without merit.

For the reasons stated, defendant is awarded a new trial on all of the charges except the charge of driving under the influence. Since that conviction was consolidated with the others for judgment, it must be remanded for resentencing.

Remanded for resentencing on the charge of unlawful operation of a vehicle under the influence.

New trial on all other charges.

Judges WELLS and BECTON concur.