STATE OF NORTH CAROLINA v. CLETUS JEROME McKINNON

No. 8125SC442

(Filed 3 November 1981)

1. **Assault and Battery § 15.2— no error in failing to submit lesser offense of misdemeanor assault**

    In a prosecution for assault with a deadly weapon resulting in serious bodily injury, there was no error in the court's failure to submit the lesser offense of misdemeanor assault as the trial court should have held that the pocketknife, as used by defendant to inflict a chest injury causing the victim's lung to collapse, was a deadly weapon as a matter of law.

2. **Assault and Battery § 15.7— instruction on self-defense not required**

    In a prosecution for assault with a deadly weapon resulting in serious bodily injury, where there was no evidence from which a jury might infer that

defendant abandoned and withdrew from the confrontation which he unques-
tionably initiated, he was not entitled to a charge on self-defense.

APPEAL by defendant from *Friday, Judge.* Judgment entered
3 December 1980 in Superior Court, CATAWBA County. Heard in
the Court of Appeals 15 October 1981.

Defendant was convicted of assault with a deadly weapon
resulting in serious bodily injury. A judgment imposing a prison
sentence was entered.

The evidence tends to show the following. Defendant is the
father of Bennie McKinnon. On 9 August 1980, defendant went
over to his father-in-law's house in an attempt to locate Bennie.
Defendant believed his son had taken his shotgun. Defendant was
drunk, had a knife in his hand, and threatened to kill his son.

Around 4:00 p.m., Bennie McKinnon drove up to his grand-
father's house. When he got out of the car, defendant approached
him and struck at him with a small pocketknife. Bennie picked up
a rock and threw it at defendant's foot. Defendant then stabbed
Bennie in the chest, causing his lung to collapse. Bennie's wound
required stitches and three days of hospitalization.

At trial, the court charged the jury on the elements of
assault with a deadly weapon with intent to kill, assault with a
deadly weapon resulting in serious bodily injury, and assault with
a deadly weapon. The jury found defendant guilty of assault with
a deadly weapon resulting in serious bodily injury.

*Attorney General Edmisten, by Associate Attorney Black-
well M. Brogden, Jr., for the State.*

*Appellate Defender Project for North Carolina, by Malcolm
R. Hunter, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant brings forward three assignments of error. None
discloses prejudicial error.

[1] Defendant first argues that having submitted to the jury the
question of the alleged deadly character of the knife, the court
was then required to charge the jury as to the lesser included of-

fense of assault inflicting serious injury. *State v. Whitaker,* 29 N.C. App. 602, 225 S.E. 2d 129 (1976).

It is well established in North Carolina that when there is some evidence to support a lesser included offense of the one charged, defendant is entitled as a matter of law to have the jury instructed on that lesser offense. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Williams,* 51 N.C. App. 397, 276 S.E. 2d 715 (1981). In this cause, however, there is no evidence to support a charge of misdemeanor assault.

A knife may or may not be considered a deadly weapon depending upon the manner in which it is used or the part of the body at which its force is aimed. *State v. Carson,* 296 N.C. 31, 249 S.E. 2d 417 (1978). The evidence presented shows that defendant purposefully stabbed Bennie McKinnon in the chest. He was not injured by a wild swing of defendant's knife during a scuffle. The actual results caused by the weapon may be considered in determining whether the weapon is deadly. *State v. Roper,* 39 N.C. App. 256, 249 SE. 2d 870 (1978). Here, there was uncontradicted testimony that defendant's blow caused Bennie McKinnon's lung to collapse.

Where the circumstances of the use of an alleged deadly weapon admit of but one conclusion, the question of the weapon's character is one of law for the court to declare.

"Any instrument which is likely to produce death or great bodily harm, under the circumstances of its use, is properly denominated a deadly weapon. *S. v. Craton,* 28 N.C., p. 179. The deadly character of the weapon depends sometimes more upon the manner of its use, and the condition of the person assaulted, than upon the intrinsic character of the weapon itself. *S. v. Archbell,* 139 N.C., 537; *S. v. Sinclair,* 120 N.C., 603; *S. v. Norwood,* 115 N.C., 789.

Where the alleged deadly weapon and the manner of its use are of such character as to admit of but one conclusion, the question as to whether or not it is deadly within the foregoing definition is one of law, and the Court must take the responsibility of so declaring. *S. v. Sinclair,* supra. But where it may or may not be likely to produce fatal results, according to the manner of its use, or the part of the body at

which the blow is aimed, its alleged deadly character is one of fact to be determined by the jury. . . . *Krchnavy v. State,* 43 Neb., 337. A pistol or a gun is a deadly weapon (*S. v. Benson,* 183 N.C., 795); and we apprehend a baseball bat should be similarly denominated if viciously used, as under the circumstances of this case."

*State v. Smith,* 187 N.C. 469, 470, 121 S.E. 737 (1924) (holding that the vicious use of a baseball bat made it a deadly weapon as a matter of law). We conclude the trial court should have held that the pocketknife as used by defendant was a deadly weapon as a matter of law. There was, therefore, no error in the court's failure to submit the lesser offense of misdemeanor assault. *State v. Roper, supra.*

[2] Defendant next argues that he was entitled to an instruction on self-defense. The right to self-defense is only available to a person who is without fault. If defendant is the aggressor in a fight, he can invoke the defense only if he abandons the fight, withdraws, and gives notice to his adversary. *State v. Robinson,* 40 N.C. App. 514, 253 S.E. 2d 311 (1979). In the present cause, we find no evidence from which a jury might infer that defendant abandoned and withdrew from the confrontation which he unquestionably initiated. Defendant, therefore, was not entitled to a charge on self-defense.

Defendant's final exception is to testimony by Bennie McKinnon that his lung collapsed from the knife wound. Defendant argues the statement was inadmissible hearsay. At trial, the court overruled defense attorney's objection if the witness was speaking from personal knowledge. The burden was on defense attorney to establish on voir dire or cross-examination that the witness was repeating what someone else told him. Defendant did not do so. We must conclude that Bennie McKinnon was testifying of his own knowledge. Such testimony is not hearsay and is properly admitted into evidence.

No error.

Judges HILL and WHICHARD concur.