STATE OF NORTH CAROLINA v. HARRY JEFFERSON

No. 8312SC997

(Filed 5 June 1984)

1. Constitutional Law § 49— waiver of right to counsel—conflicting recollections of whether defendant informed of right to assigned counsel

The Court denied defendant's motion, which was treated as a motion for appropriate relief pursuant to G.S. 15A-1415(b)(3), based on absence of knowing and voluntary waiver of counsel as a result of the alleged failure to inform defendant of his right to substitute appointed counsel after withdrawal of his original counsel where the record contained a stipulation that the court reporter had been unable to locate her notes from the hearing on waiver of counsel, and several affidavits executed several months after completion of the trial indicated conflicting recollections as to whether or not defendant was informed of his continuing eligibility for counsel, and where defendant signed a waiver of right to assigned counsel form and the trial judge certified that defendant had been "fully" informed of his right to assigned counsel.

2. Arrest and Bail § 9.1— revocation of bond during trial—no error

In a prosecution for breaking or entering and larceny, there was no error in the revocation of a bail bond and ordering that defendant be in custody until completion of trial pursuant to G.S. 15A-534(f) where the uncontroverted representations of the prosecuting attorney indicated "good cause" for the exercise of the court's discretion. Defendant did not exercise his right under G.S. 15A-534(f) to apply for new conditions of release.

3. Constitutional Law § 74— no error in failing to warn defendant of his right against self-incrimination

When a trial court advised defendant that he had a right not to testify, it exceeded the requirements imposed by the case law of this jurisdiction since the failure to warn a defendant appearing *pro se*, when he offered to testify in his own behalf, of his right against self-incrimination does not present error.

APPEAL by defendant from *Battle, Judge.* Judgment entered 1 March 1983 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 14 March 1984.

Defendant was charged with breaking or entering and larceny. He was found not guilty of breaking or entering and guilty of larceny. He appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Special Deputy Attorney General Jo Anne Sanford, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

WHICHARD, Judge.

[1]   Defendant contends the court erred "in allowing [him] to represent himself where [he] did not make a knowing and voluntary waiver of his right to counsel because the court failed to advise [him] of his right to substitute appointed counsel if his original appointed counsel was dismissed due to irreconcilable conflict." The record contains the following:

WAIVER OF RIGHT TO ASSIGNED COUNSEL

As the undersigned party in this action, I freely and voluntarily declare that I have been clearly advised of my right to the assistance of counsel, that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive counsel.

I freely, voluntarily and knowingly declare that I do not desire to have counsel assigned to assist me, that I expressly waive that right, and that in all respects I desire to appear in my own behalf, which I understand I have the right to do.

Signature of Defendant, Petitioner, Respondent
s/ HARRY N. JEFFERSON JR.

(Sworn to this the 9th day of Feb., 1983.)

CERTIFICATE OF JUDGE                    .

I certify that the above named person has been fully informed in open Court of the nature of the proceeding or charges against him and of his right to have counsel assigned by the Court to represent him in this action; that he has elected in open Court to be tried in this action without the assignment of counsel; and that he has,

[X] executed the above waiver in my presence after its meaning and effect have been fully explained to him.

Date — 2/9/83
Signature of Judge
s/ ROBERT L. FARMER

The record thus affirmatively discloses a knowing waiver of counsel after defendant was "fully" informed of his right to assigned counsel. These assignments of error are, on that account, overruled. *State v. Jones*, 52 N.C. App. 606, 609-10, 279 S.E. 2d 9, 11 (1981).

In settling the record on appeal the trial court ordered that (1) a stipulation that the court reporter had been unable to locate her notes on the hearing on waiver of counsel, and (2) four affidavits executed several months after completion of the trial, be made part of the record. The affidavits, in pertinent part, showed the following:

Defendant did not recall what the court told him when he signed the waiver form, and specifically did not recall whether it told him if he waived counsel and failed to retain counsel he would have to represent himself. The assistant public defender initially appointed to represent defendant, but subsequently allowed to withdraw, recalled that the court "did not advise defendant that he had a right to another appointed lawyer if he had an irreconcilable conflict with [him]." The prosecuting attorney, however, recalled that the court "informed the defendant that if [the assistant public defender] withdrew and the defendant wanted another court appointed attorney and was still eligible he would appoint him one."

The court did not indicate the purpose for ordering these materials made part of the record. We treat them as presenting a motion for appropriate relief, pursuant to G.S. 15A-1415(b)(3), based on absence of knowing and voluntary waiver of counsel as a result of the alleged failure to inform defendant of his right to substitute appointed counsel after withdrawal of his original appointed counsel. We consider the conflicting recollections of trial counsel, several months after the fact, in light of the trial court's certification, contemporaneously with the hearing, that it had

"fully" informed defendant of his right to assigned counsel; and we deny the motion.

Defendant contends the court erred in instructing the jury on the doctrine of possession of recently stolen property. He argues the evidence was insufficient to show that he had possession of the property in question. We find the evidence sufficient to warrant the instruction. This assignment of error is overruled.

[2] Defendant contends the court erred in revoking his bond during trial. The court took this action when the prosecuting attorney represented that defendant was "on several different bonds on several different charges" and that he had "information . . . that [defendant] was picked up sometime before this weekend . . . and . . . was released yesterday when his secured bond was made unsecure." He further represented that defendant had indicated that his mother had signed most of his bonds. He requested "that the Court be reassured as to the bond or change the bond to a secured status." The court responded that it would "let the defendant be in custody until [completion of] the trial."

"For good cause shown any judge may at any time revoke an order of pretrial release." G.S. 15A-534(f). The presumption is that the court "exercised a proper discretion in ordering the defendant into custody." *State v. Best*, 11 N.C. App. 286, 291, 181 S.E. 2d 138, 141, *cert. denied*, 279 N.C. 350, 182 S.E. 2d 582 (1971). Nothing in this record rebuts that presumption. The uncontroverted representations of the prosecuting attorney would appear to provide "good cause" for exercise of the court's discretion to "let the defendant be in custody until [completion of] the trial." Defendant did not exercise his right under G.S. 15A-534(f) to apply for new conditions of release. *See State v. Brooks*, 38 N.C. App. 445, 448-49, 248 S.E. 2d 369, 371-72 (1978). The court thus was not required to set such conditions. Finally, although counsel argues that the court's action adversely affected defendant's ability to secure attendance of witnesses and gather other evidence, the record contains no indication as to witnesses defendant would have secured or evidence he would have gathered. Defendant thus has failed to carry his burden of showing prejudice. *See State v. Able*, 13 N.C. App. 365, 367, 185 S.E. 2d 422, 423 (1971), *cert. denied*, 281 N.C. 514, 189 S.E. 2d 36 (1972). This assignment of error is overruled.

[3] Defendant contends that because he was unrepresented, the court erred in "failing to advise [him,] prior to his taking the stand[,] that his failure to testify would give rise to no presumption against him." The court did advise defendant that he had a right not to testify. It thereby exceeded the requirements imposed by the case law of this jurisdiction. This Court has found no error in the failure to warn a defendant appearing *pro se*, when he offered to testify in his own behalf, of his right against self-incrimination. *State v. Lashley*, 21 N.C. App. 83, 203 S.E. 2d 71 (1974). It has stated that "[t]he trial court [is] not required to make any special effort to accommodate a defendant proceeding *pro se*." *State v. Brooks*, 49 N.C. App. 14, 18, 270 S.E. 2d 592, 596 (1980). Our Supreme Court has stated: "When a defendant understandingly chooses to appear *pro se*, he does so at his peril and acquires no greater right or latitude than would be allowed an attorney acting for him." *State v. Cronin*, 299 N.C. 229, 244-45, 262 S.E. 2d 277, 287 (1980). We thus find no error in the failure to give the advice in question. This assignment of error is overruled.

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.